Allen, J.
 

 Ho question is presented by the report of the referee and the exceptions thereto. He finds an indebtedness from the defendant to the plaintiffs, for goods sold and for interest thereon, and the expenses of a protest of defendant’s bill for a specific sum, and that the defendant was entitled to be credited with certain sums, leaving a balance, at the date of the report, of $236.61; and, as a conclusion of law, he
 
 *223
 
 reported that the plaintiffs were entitled to judgment, for the balance found due with the costs. There was evidence undisputed of the indebtedness; and the judgment necessarily followed the findings of fact. The defendant did not request the referee to find any other fact, or that he was entitled to a credit for a larger amount than was allowed; and there is no exception presenting the question whether the defendant should have been allowed a further sum by way of counterclaim. If the point had been distinctly made, this court could not have reviewed the decision of the referee upon the facts, there being no evidence conclusively and indisputably establishing the claim of the defendant, to be allowed any larger sum than was allowed by the referee. It is not intended to intimate that this court could or would have reviewed the evidence, and reversed the judgment for error of the referee in his conclusions of fact. As a rule, questions of fact upon a trial by referee, or by the court without a jury, can only be reviewed in the Supreme Court; and the cases in which this court can look into the evidence, with a view to determine whether questions of fact have been properly decided in the courts of original jurisdiction, are few, and are made exceptions to the general rule by statute. (Code, §§268, 272.)
 

 Whether the sale and delivery of the defendant’s starch to Stevens & Go., without receiving pay for the same, was authorized, or whether the transaction was ratified by the defendant, or whether the plaintiffs transcended their powers, or violated the instructions of the defendant, or departed from the usages of trade, by reason of which they might have been chargeable with the balance due from the purchasers, were questions of fact, and whether decided by the referee does not appear, but, if passed upon, the conclusions were adverse to the defendant, and the referee was not requested to find otherwise.
 

 The exceptions taken to the admission and exclusion of evidence were untenable. The transaction, as evidenced by the written communications between the parties, was not entirely intelligible, and the situation and relation of the
 
 *224
 
 parties toward each other, and the circumstances attending the negotiation and sale of the starch, were competent. The legal rights and duties of each depended upon the position which they respectively occupied, and the relations they bore to one another. The allegation of the answer was, that the defendant had received the starch under an agreement to sell it for cash, at a given price, and account for the avails, bio such agreement in terms was proven, and the circumstances tended to rebut any inference that such contract was made. Again the circumstances proved, including the interview of the plaintiffs with Stevens on the subject, and preliminary to the sale, were parts of the
 
 res gestae.
 
 The letters of the defendant relating to the transaction were competent against him as declarations or admissions, and what effect should be given them as evidence was for the referee to decide. They were competent as any other statements of the defendant’s would have been concerning the subject-matter of the controversy. The evidence offered of the bad standing, reputation and credit of Stevens
 
 &
 
 Go., the purchasers of the starch, was properly excluded, if for no other reason than that it was hot within the issue made by the answer, and the defendant did not seek to amend his answer, by setting up a defence under which evidence of the character of that excluded might have been competent, and with other evidence important. The appeal is without merits, and the judgment should be affirmed.
 

 All concur.
 

 Judgment affirmed.