FREDERICK A. SCHROEDER et al., Appellants, *v.* DANIEL FREY et al., Respondents.

This action was brought to recover for goods sold.  At the time of its commencement proceedings in bankruptcy were pending against the defendants.  An order of arrest was issued in the action on the ground of false representations inducing the sale.  After an injunction had been obtained in the bankruptcy court to restrain proceedings to collect the debt one of the defendants was arrested under the order.  Thereupon defendants instituted proceedings to punish plaintiffs, their attorneys, etc., for contempt.  Pending these proceedings plaintiffs signed a stipulation whereby they agreed that the order of arrest should be vacated, and that no additional or further arrests should be made in the action, "or any action to collect the debt, except in bankruptcy, on their part, in respect to or upon the claim or debt, for the recovery of which the action" was brought, and that either party might enter an order *ex parte* to that effect.  The defendants having been adjudicated bankrupts, set up their discharge in bar.  Plaintiffs, on the trial, offered evidence tending to prove that the debt in suit was fraudulently contracted.  Defendants objected, producing the stipulation in support of their objection, and claiming that under it plaintiff's proceedings were limited to the bankruptcy court, and they could proceed to judgment in the action only in case the discharge was refused.  The objection was sustained.  *Held*, error; that the stipulation did not deprive plaintiffs of the right to prove that their debt was not one of those from which defendants were relieved by their discharge.

(Argued April 18, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 28, 1886, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court.

This action was commenced in 1877 to recover upon an alleged indebtedness for goods sold by the plaintiffs to the defendants. At that time an involuntary petition in bankruptcy had been filed against the defendants, pursuant to the act of congress of 1867, in the United States District Court of the southern district of New York, and the proceedings in bankruptcy were then pending in that court. An order of arrest was made in the action by virtue of which the defendants were arrested. And afterwards the attorneys of the parties made a stipulation entitled in the action of which the following is a copy with the title omitted:

" We hereby stipulate and agree that the order of arrest granted in this action be vacated and set aside, and the undertaking therein vacated and the sureties discharged, and plaintiffs stipulate that no additional or further arrests will be made in this action, or any action to collect the debt, except in bankruptcy, on their part, in respect to or upon the claim or debt for the recovery of which this action is brought, and that either party may enter an order *ex parte* to this effect.

"JOHN HENRY HULL,

"*Plaintiffs' Attorney.*

"M. H. REGENSBURGER,

"*Defendants' Attorney.*"

Upon that stipulation an order was made by the Supreme Court in April, 1878, vacating the order of arrest and the undertakings and discharging and exonerating the sureties thereon from liability.

In the proceedings in bankruptcy instituted by such petition, the defendants having been adjudicated bankrupts, were afterwards duly discharged, and thereupon they, by answer to the complaint, alleged such discharge in bar, and upon that defense a verdict was directed for the defendants.

The further material facts are stated in the opinion.

*William C. De Witt* and *John Henry Hull* for appellants. A stipulation between parties to an action must, in order to

constitute a bar against the recovery of an honest debt, or the imposition of a common-law liability, plainly express such an intent and agreement in terms and meaning. And if upon the very point of such an estoppel the stipulation be obscure and ambiguous, or open as well to an interpretation favorable to the enforcement of the debt or right as against it, it cannot prevail as a bar. (*Edsall* v. *C. & A. R. & T. Co.*, 50 N. Y. 661; *Clark* v. *N. Y. L. Ins. and F. Co.*, 64 id. 40; *French* v. *B., N. Y. & E. R. R. Co.*, 4 Keyes, 112, 113; *Schieflin* v. *Harvey*, 6 Johns. 180; *Alexander* v. *Greene*, 7 Hill, 547; *N. J. S. N. Co.* v. *Merchants' Bk.*, 6 How. [U. S.] 383.)

*Melville H. Regensburger* for respondents.

BRADLEY, J.   The defense rested upon the discharge of the defendants in bankruptcy.   For the purpose of overcoming the force of such discharge, the plaintiffs offered evidence tending to prove that the debt to recover which the action was brought was contracted in fraud by the defendants, that is to say, that they, by fraudulent representations, induced the plaintiffs to give them credit.   In support of the objection to the evidence, the defendants' counsel introduced the stipulation.   The evidence was excluded and exception taken.   The question presented on this review is one of construction and effect of such stipulation.   The defendants' counsel contends that the purpose of it was, that the plaintiffs should limit their proceedings to the bankruptcy court so far that they should proceed to judgment in this action, only in the event the discharge in bankruptcy should be refused.   If the stipulation is entitled to such construction, the evidence offered was properly excluded, because effect must be given to the agreement of the parties.   The stipulation contains no provision for the discontinuance of the action in any event.   The only purpose clearly expressed in the instrument is, that the order of arrest and the undertaking made in that behalf be vacated, and that no further arrests should be made in the action.   Beyond that there is an apparent obscurity, in view of the language used, as to what, if any-

thing, further than the subject of the arrest of the defendants, was within the intention of the parties. The right to enter an order *ex parte* upon the stipulation was made available by the defendants' attorney, upon whose motion an order seems to have been entered. And, although the stipulation authorized its entire effect to be embraced in such order, the latter merely directs the vacation of the order of arrest and undertaking, and exonerates the sureties from liability. The order, therefore, furnishes no aid to the construction which the defendants seek to have given the stipulation. The use they endeavor to make of it is to deny to the plaintiffs the right, which they might otherwise have, to prove that the debt was not within those from which the defendants were relieved by their discharge in bankruptcy. The claim that the plaintiffs relinquished such right, cannot rest upon presumption or mere doubtful construction, but must have for its support a reasonable degree of certainty. When the language of a contract is plain and free from ambiguity, the understanding of the parties to it must be ascertained from its terms. And then whatever those terms fairly imply will be deemed embraced within it. (*Rogers* v. *Kneeland*, 10 Wend. 219 ; *S. C.*, 13 id. 114.) It is when the meaning of an instrument is uncertain that resort may be had to extrinsic circumstances, leading to and attending the transaction, in aid of the interpretation of the language employed to express its terms. (*Blossom* v. *Griffin*, 13 N. Y. 569 ; *Springsteen* v. *Samson*, 32 id. 703 ; *Calkins* v. *Falk*, 39 Barb. 620 . *Field* v. *Munson*, 47 N. Y. 221.)

The record before us embraces but very little, other than the instrument itself, entitled to consideration on the question of construction. For the purpose of the proceeding in bankruptcy then pending, the defendants were subjected to the jurisdiction of the District Court of the United States. It seems that two of the defendants had been arrested by virtue of an order of arrest made in this action, and that the arrest of another one of the defendants pursuant to such order, after an injunction had been, by the defendants, obtained in the District Court to restrain proceedings to collect the debt, was

made the ground for a proceeding in that court to punish the plaintiffs, their attorneys and the sheriff for contempt. While that proceeding was pending the stipulation was made, and such proceeding was abandoned. This is all that appears upon the subject of the inducement to the stipulation, or relating to the circumstances bearing upon its purpose. This relieved the defendants from the arrest and from liability to arrest in aid of the purpose of an action for the collection of the debt, and the plaintiffs from the proceeding for contempt. The action is not founded on fraud, and no execution can go against the person of the defendants if recovery be had. They, therefore, do not attempt to make, and cannot make, fraud available for any purpose other than to defeat the effect of the discharge as a bar to the action. The construction which the defendants seek to give to the stipulation, is such as to embrace in it an agreement on the part of the plaintiffs to submit, for all the purposes of this debt, to the discharge, and thus relinquish all claim upon the defendants for it, except such benefit as might result to them from the distribution of the assets of the bankrupts. If such was the understanding, or if the relinquishment by the plaintiffs of the right, in any event, to make the charge of fraud available in their attempt to collect the debt, otherwise than for the purpose of the arrest of the defendants, was within the intention of the parties, they were unfortunate in the use of language for the purpose of giving such import to their stipulation. An agreement to that effect would have required a discontinuance of the action upon the granting of the discharge. And it would seem that if such had been the understanding, a provision to that effect would have been inserted in the stipulation. That, however, is but a circumstance which is only entitled to consideration as it may bear upon the question of the intention of the parties when they made the agreement. If the use now sought to be made of the charge of fraud was not then in the contemplation of the parties, it may be urged that it is not within the purpose of the stipulation. It is now unnecessary to attempt to explain the purport of the latter clause of the

stipulation, or to presume what was intended by it. It might, perhaps, be difficult to do so. It is sufficient for the purpose of the present inquiry, founded, as it must be, solely upon the evidence furnished by the record, that the instrument does not appear to deny to the plaintiffs the right to prove that the debt for which the action was brought was not within those from which the defendants were relieved by their discharge in bankruptcy. And such is the conclusion.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except FOLLETT, Ch. J., and VANN, J., dissenting.
Judgment reversed.