## CHASE *v.* SENN.

### (*City Court of New York, General Term.* October 3, 1889.)

EVIDENCE—PAROL TO VARY WRITING.

> A promissory note was given "for the privilege of advertising purposes of one panel, each 7x22 inches, in 15 cars" of a certain railway, but was silent as to how such privilege was to be enjoyed. *Held*, that the note was ambiguous in this respect, and that parol evidence was admissible to explain the ambiguity.

Appeal from trial term.

Action by Lewis S. Chase on an instrument executed by defendant, Jacques Senn, in these words:       "NEW YORK, September 1, 1885.

"I promise to pay to the order of L. S. Chase one hundred and eight dollars monthly, in the following manner, to-wit: $9, 20 days after date, and $9 on the 20th day of each succeeding month for twelve months from date, for the privilege of advertising purposes of one panel, each 7x22 inches, in 15 cars of the Broadway and 7th Avenue R. R. Co., in the city of New York, for the term of one year from date."

The defendant for defense alleged that on or about the date of said instrument, and prior to the execution and delivery thereof by the defendant to the plaintiff, and as consideration for said instrument and of the moneys to be paid pursuant to the terms thereof by this defendant to the plaintiff, the plaintiff agreed to furnish, put up, and maintain continuously for this defendant, for a period of 12 months from the date of said instrument, one panel, each 7x22 inches, in 15 cars of the Broadway & Seventh Avenue Railroad Company, in the city of New York, running daily on the surface railroad laid in Broadway, in said city of New York, each of said panels to have a written or printed advertisement therein announcing to persons traveling in said cars defendant's business as an hotel and restaurant keeper at Nos. 9 and 11 Waverley place, near Broadway, as aforesaid. That after the execution and delivery of said instrument by the defendant to the plaintiff as aforesaid, and on or about and from the 20th day of October, 1885, the plaintiff neglected, failed, and refused to perform said agreement on his part, although the defendant duly demanded of the plaintiff that he perform the same, and that on or about said 20th day of October, 1885, the defendant elected to rescind said agreement with the plaintiff, and then and there duly notified the plaintiff thereof. The trial judge directed a verdict in favor of the plaintiff on the ground that the answer did not set up a legal defense to the action, and from the judgment entered on this verdict the defendant appeals.

Argued before McADAM, C. J., and McGOWN, J.

*E. J. Myers*, for appellant.   *E. R. Leavitt*, for respondent.

PER CURIAM. It is conceded that the instrument sued upon is a promissory note. This was so decided by this court and by the court of common pleas, in an action upon a similar instrument. *Chase* v. *Behrman,* 1 City Ct. R. 352. The consideration for the instrument was declared upon its face to be "for the privilege of advertising purposes of one panel, each 7x22 inches, in 15 cars of the Broadway and 7th Avenue Railroad Company, in the city of New York, for the term of one year." The note implies that the plaintiff having given the defendant this "privilege," it (the note) was given in payment for the license. The effective giving of the privilege was not a condition subsequent, but an act concurrent with the giving of the note; for regularly every month thereafter installments were to be paid until the entire obligation was discharged. But how was the privilege to be enjoyed? Who was to determine the form or design of the sign to be put up, and to select which of the several panels of the car into which it should go? In this respect the instrument is ambiguous, for it fails to give us any light whatever upon the subject. Evidence furnishing these particulars would not alter or

vary the consideration clause of the note, for the instrument contains nothing whatever upon the subject. To this extent, the defendant was entitled to give evidence under the answer to prove a total or partial failure of consideration.

The rule which excludes parol evidence where contracts are reduced to writing is not quite as broad as the terms in which it is commonly stated would seem to imply. It only excludes any other evidence of the language used by the parties in making the contract than that which is furnished by the instrument itself. 1 Geeenl. Ev. 316, 321. For illustrations of the rule, see *Moore* v. *Meacham*, 10 N. Y. 207; *Field* v. *Munson*, 47 N. Y. 221; *Arthur* v. *Roberts*, 60 Barb. 580; *Hinnemann* v. *Rosenback*, 39 N. Y. 98; *Walrath* v. *Thompson*, 4 Hill, 200; *Bank* v. *Strever*, 18 N. Y. 502.

The plaintiff was entitled to recover on the mere production of the note, but the defendant had the right to attack the consideration of it, under his special defense, and the *onus* of proving the defense was upon him. He could not alter, vary, or contradict any of the written portions of the contract, but could, to the extent before stated, throw light upon the ambiguous clause in regard to the consideration for the contract by proving its meaning. Upon the former trial of the case, the defendant was not limited in his proofs to the extent before stated, and for this error the judgment was reversed.[1] The reversal of that judgment for error in admitting evidence did not justify the exclusion upon the second trial of all evidence on the part of the defendant. It follows, therefore, that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.