SCHROEDER *et al. v.* FREY *et al.*

(*Supreme Court, General Term, First Department.* December 29, 1890.)

1. DEPOSITION—TAKING BY AGREEMENT—FAILURE TO FILE.
   The right to use in evidence, after the death of a witness, his deposition, taken under agreement of the parties that it might be so used, is not lost by omission to file it, as required by statute in ordinary cases.

2. STIPULATION—EVIDENCE—DISCHARGE IN BANKRUPTCY.
   By a stipulation in an action, made while bankruptcy proceedings were pending against defendants, they were relieved from liability to arrest under an order of arrest which had been granted in the action, and plaintiffs agreed that no additional or further arrests would be made in the action, or any action to collect the debt, except in bankruptcy, on their part in respect to or upon the debt for which the action was brought. *Held,* that extrinsic evidence to prove the understanding or intention of the stipulation was not admissible. It was to be construed according to the import of the language in view of the circumstances under which it was made. Following 21 N. E. Rep. 410.

3. EVIDENCE—STATEMENT OF FINANCIAL CONDITION—MEMORANDA.
   At a meeting of creditors of three copartners, of whom two were present, their financial condition was stated orally from a written statement, but the writing was not presented to or circulated among the creditors. *Held* that, in a subsequent action against them, one who was present at the meeting might testify, from his notes made at the time, to what was said, no objection being made on the part of the partner not present at the meeting.

4. SALE—ACTION FOR PRICE—SURRENDER OF NOTES.
   In an action for the price of goods sold, it appeared that notes, which had been given on account thereof, had been filed in proving the debt in bankruptcy, and that they were barred by limitation. *Held,* that failure to produce and surrender them at the trial would not prevent a recovery by plaintiffs.

5. BANKRUPTCY—DISCHARGE—FRAUD OF PARTNER.
   Fraud of one partner in creating a firm debt does not prevent a discharge in bankruptcy from operating on the debt in favor of the other partners innocent of the fraud.

Appeal from circuit court, New York county.

Action by Frederick A. Schroeder and Isidore M. Bon against Daniel Frey, Isidore Frey and Jacob L. Haas, for the price of goods sold and delivered.

Defendants appeal from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Code Civil Proc. N. Y. § 880, provides that a deposition, taken and to be used within the state, other than the examination of a party, or expected party, must, within 10 days after it is taken, "be filed in the office of the clerk, or, if no action is taken, in the office of the clerk of the county in which it was taken, together with the stipulation or order under which it was taken, the affidavit upon which the order was granted, and proof of the service of a copy of the order and of the affidavit."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Melville H. Regensburger*, for appellants.   *John Henry Hull*, for respondents.

DANIELS, J.   The answers admitted the sale and delivery and the amount unpaid upon the price of the goods, but the right of the plaintiffs to recover that price was resisted chiefly on the ground of bankrupt discharges issued to each of the defendants under the authority of the bankrupt laws of the United States.   The regularity of the proceedings in which these discharges were issued was not impeached, but it was alleged in the reply that the plaintiffs had been induced to part with the goods, by reason of false and fraudulent representations made to them, prior to the sales and deliveries made, and evidence was given having a direct tendency to prove the truth of these accusations; and in the event of proving this fact, then by section 33 of the bankrupt act the discharges were deprived of the effect they would otherwise have, even after the creditors had proved their debt, and participated in the dividend made out of the estate of the bankrupts, as these plaintiffs were shown to have done.   But, to overcome the effect of the discharges by this section of the bankrupt act, proof of positive or intentional fraud has been required.   The debt must have been created by fraud, and that involves actual wrong on the part of the debtor.   *Palmer* v. *Hussey*, 87 N. Y. 303, 307. And its continued existence is in the nature of a punishment of the person guilty of the wrong.   To that extent he forfeits the benefit of his discharge. But the fraud which the evidence tended to establish was that alone of the defendant Isidore Frey.   He was the partner who applied to the plaintiffs for the goods which they sold, and to induce the sales, as the jury must have found the facts, materially misrepresented the financial ability of his firm. For instead of having an unimpaired capital in their business of $20,000, as he stated the fact to be, the firm at the time was fatally insolvent.   It is true that he denied making these representations, but the evidence against him was such as to make this a matter of fact to be decided by the jury, whose verdict against him must now be followed as conclusive.   And it was not error to allow the deposition of the deceased witness Frederick A. Dreyer to be used as a part of this evidence, for it was shown to have been taken under an agreement that it might be so used arising out of the condition of the case when the action was upon the day calendar for trial at a preceding circuit, and the right to use it as evidence was not lost by the omission to file it, as the Code in ordinary cases has required that to be done.   That omission may have been an irregularity, but, under these circumstances, certainly it was not one which could legally lead to the exclusion of this testimony.

Neither can this defendant legally complain of the exclusion of evidence offered to prove the understanding, or intention of the stipulation made while the bankruptcy proceedings were pending, relieving the defendants from liability to arrest under the order which had been obtained, and was then in the hands of the sheriff to be executed.   For that stipulation was to be construed according to the import of the language it contained, in view of the circumstances under which it was made, and which were fully before the court at the trial; and nothing is to be found in the decision of the court of appeals

when this case was there for decision which sanctions any greater liberality in the evidence which might be received for this object.  *Schroeder* v. *Frey,* 114 N. Y. 266, 21 N. E. Rep. 410.

The statement made by Mr. Cohen at the meeting of creditors concerning the financial condition of the firm might very well have been held incompetent against this defendant, if that objection had been made to it, for it was not proved, except inferentially, to have had either his sanction or authority, and he was not present, as the other two partners were, when it was made. But it may be inferred from this omission to raise that objection that this defendant understood that this statement was to be made by Cohen to the creditors, and that it was also truthful; and this inference receives further confirmation from the fact that the defendant gave no evidence whatever in the least differing from this statement of the condition of the firm, as he may be expected to have done if the statement had not been correct.  The statement was made for the information of the creditors, and no legal rule was violated in permitting Mr. Baronsky to repeat from his own notes what was said at the time.  If the statement itself had been presented to or circulated among the creditors present, then its presence at the trial might regularly have been insisted upon as the best evidence of the communication made.  But that was not done; Mr. Cohen only orally repeating what was the financial condition of this firm, and the witness testifying to it, with the aid of his own statement made at the time, repeating that at the trial.  His evidence given in this manner was admissible, and the exception to the ruling allowing it cannot be sustained.  Notes were given by the defendants to the plaintiffs and credited in the account for the goods.  They were not produced and surrendered at the trial, and the right of the plaintiffs to recover was also resisted for that failure.  But these notes were worthless as obligations.  They were long past due, and they had been handed to the register in bankruptcy, in making proof of the plaintiffs' debt.  The defendants, therefore, were not injured by the failure to produce these notes, all remedy upon which had long been barred by the effect of the statute of limitations.

Other objections were raised for this defendant during the trial, but they are too trivial to require the devotion of time to their consideration.  The case was legally presented upon the inquiry whether he had been guilty of the fraud upon which it depended.  The evidence so far proved the fact against him as to place it within the province of the jury to decide it.  Their decision was adverse to him, and there is no cause setting it aside.  But as to the defendants Daniel Frey and Jacob S. Haas, the other two members of the firm, there was no evidence implicating them in the fraud of their partner Isidore Frey.  He was the buyer of the firm, and it was not proved that the other two members knew of or had in any way sanctioned the making of these representations.  Neither did it appear that they knew or had any reason to believe that their firm was at the time incapable of paying its debts.  It is true that this would not relieve them from liability for the debt itself, for, in its creation, their partner was clothed with power so far to bind them.  But neither their· relations to him as their partner, nor any authority conferred upon him by either of them, authorized him to subject them to the consequences of his positive fraud.  This has already been held by this court, when it set aside the arrest of an innocent partner under an order depending wholly for its support upon the fraud of his associate in the partnership business; and the rule prescribed by this section of the bankrupt act is very much the same as that contained in the Code of Civil Procedure, creating or sanctioning the right of arrest under an order for fraud.  It does not make the innocent partner, not participating in the fraud, liable for the wrong of his associate. The discharges in bankruptcy were in full force in their favor, and the action accordingly should have been dismissed so far as it was against them, and the exception to the refusal to dismiss it is well founded.  The judgment and

order, so far as they affect the defendant Isidore Frey, should be affirmed, with costs, but, so far as they are against the defendants Daniel Frey and Jacob L. Haas, they should be reversed, and a new trial ordered for them, with their costs of the appeal to abide the result. All concur.