DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## April, 1891.

FREDERICK A. SCHROEDER AND ISIDOR M. BON, RESPONDENTS, *v.* DANIEL FREY, ISIDOR FREY AND JACOB L. HAAS, APPELLANTS.

*Proof of actual fraud, necessary to avoid a discharge in bankruptcy — the wrong-doing of one partner imputed to his copartners.*

In order to avoid the bar of a discharge, under the national bankruptcy act (chap. 176 of 1867; 14 U. S. Stat. at Large, p. 533), proof of positive or intentional fraud is required, involving actual wrong on the part of the debtor.

In an action against several partners, to recover for goods furnished to the firm, alleged to have been obtained by false and fraudulent representations, it is enough, where the defense of a discharge in bankruptcy is interposed, to prove that one of the partners was guilty of the fraud; and such evidence will justify the recovery of a judgment against him and his innocent copartners.

APPEAL by the defendants Daniel Frey, Isidor Frey and Jacob L. Haas from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of December, 1889 ; and also from an order denying a motion for a new trial, entered in said clerk's office on the 19th day of December, 1889, after a trial before the court and a jury at the New York Circuit, at which a verdict was rendered by the jury, in favor of the plaintiffs, for the sum of $8,760.25.

The appeal was heard and decided at the December Term, 1890, and a reargument was thereafter ordered as to the effect of the defendants' discharge in bankruptcy.

The action was brought to recover the value of goods and merchandise sold and delivered by the plaintiffs to the defendants.

*M. H. Regensburger*, for the appellants.

*John Henry Hull*, for the respondents.

Daniels, J.:

The answers admitted the sale and delivery and the amount unpaid upon the price of the goods. But the right of the plaintiffs to recover that price was resisted chiefly on the ground of bankrupt discharges issued to each of the defendants under the authority of the bankrupt laws of the United States. The regularity of the proceedings in which these discharges were issued was not impeached. But it was alleged in the reply that the plaintiffs had been induced to part with the goods by reason of false and fraudulent representations made to them prior to the sales and deliveries made. And evidence was given having a direct tendency to prove the truth of these allegations. And in the event of proving this fact, then, by section 33 of the bankrupt act (chap. 176 of 1867; 14 U. S. Stat. at Large, p. 533), the discharges were deprived of the effect they would otherwise have had, even after the creditors had proved their debt and participated in the dividend made out of the estate of the bankrupts, as these plaintiffs were shown to have done.

But to overcome the effect of the discharges, under this section of the bankrupt act, proof of positive or intentional fraud has been required. The debt must have been created by fraud, and that involves actual wrong on the part of the debtor. (*Palmer* v. *Hussey*, 87 N. Y., 303, 307.) And its continued existence is in the nature of a punishment of the person guilty of the wrong. To that extent he certainly forfeits the benefit of his discharge.

But the fraud which the evidence tended to establish was that alone of the defendant Isidor Frey. He was the partner who applied to the plaintiffs for the goods which they sold, and to induce the sales, as the jury must have found the facts, materially misrepresented the financial ability of his firm. For instead of having an unimpaired capital in their business of $20,000, as he stated the fact to be, the firm at the time was fatally insolvent. It is true that he denied making these representations, but the evidence against him

was such as to make this a matter of fact to be decided by the jury, whose verdict against him must now be followed as conclusive. And it was not error to allow the deposition of the deceased witness, Frederick A. Dreyer, to be used as a part of this evidence. For it was shown to have been taken under an agreement that it might be so used, arising out of the condition of the case when the action was upon the day calendar for trial at a preceding circuit. And the right to use it as evidence was not lost by the omission to file it, as the Code, in ordinary cases, has required that to be done. That omission may have been an irregularity, but, under these circumstances, certainly it was not one which could legally lead to the exclusion of this testimony.

Neither can this defendant legally complain of the exclusion of evidence offered to prove the understanding or intention of the stipulation made while the bankruptcy proceedings were pending, relieving the defendants from liability to arrest under the order which had been obtained, and was then in the hands of the sheriff to be executed. For that stipulation was to be construed according to the import of the language it contained, in view of the circumstances under which it was made and which were fully before the court at the trial. And nothing is to be found in the decision of the Court of Appeals when this case was there for decision which sanctions any greater liberality in the evidence which might be received for this object. (*Schroeder* v. *Frey*, 114 N. Y., 266.)

The statement made by Mr. Cohen at the meeting of creditors, concerning the financial condition of the firm, might very well have been held incompetent against Isidor Frey if that objection had been made to it. For it was not proved, except inferentially, to have had either his sanction or authority, and he was not present as the other two partners were when it was made. But it may be inferred from this omission to raise that objection that he understood that this statement was to be made by Cohen to the creditors, and that it was also truthful. And this inference receives further confirmation from the fact that he gave no evidence whatever in the least differing from this statement of the condition of the firm, as he might be expected to have done if the statement had not been correct.

The statement was made for the information of the creditors,

and ho legal rule was violated in permitting Mr. Baronsky to repeat. from his own notes what was said at the time. If the statement itself had been presented to or circulated among the creditors. present, then its presence at the trial might regularly have been insisted upon as the best evidence of the communication made.. But that was not done, Mr. Cohen only orally repeating what was the financial condition of this firm, and the witness testifying to it, with the aid of his own statement made at the time, repeating that at the trial. His evidence, given in this manner, was admissible,. and the exception to the ruling allowing it cannot be sustained.

Notes were given by the defendants to the plaintiffs and credited in the account for the goods. They were not produced and surrendered at the trial. And the right of the plaintiffs to recover was also resisted for that failure. But these notes were worthless as obligations, they were long past due, and they had been handed to the register in bankruptcy in making proof of the plaintiffs' debt. The defendants, therefore, were not injured by the failure: to produce these notes, all remedy upon which had long been barred by the effect of the statute of limitations.

Other objections were raised for Isidor Frey during the trial, but they are too trivial to require the devotion of time to their consideration. The case was legally presented upon the inquiry whether he had been guilty of the fraud upon which it depended. The evidence so far proved the fact against him as to place it within the province of the jury to decide it. Their decision was adverse to him, and there is no cause for setting it aside.

But as to the defendants Daniel Frey and Jacob S. Haas, the other two members of the firm, there was no evidence actually implicating them in the fraud of their partner, Isidor Frey. He was the buyer of the firm. And it was not proved that the other two members knew of, or had in any way sanctioned, the making of these representations. Neither did it appear that they knew, or had reason to believe, that their firm was at the time incapable of paying its debts. It is true that this did not relieve them from liability for the debt itself, for in its creation their partner was clothed with power so far to bind them. And so, also, he was empowered to bind them to the legal consequences of the false representations made by him in obtaining the goods from the plaintiffs. This.

.subject was considered in *Bradner* v. *Strang* (89 N. Y., 299), where the members of the firm were held to be liable for the fraud perpetrated by one of their number. And it was there said, with the apparent approval of the court, that the other defendants in that action, " while they did not actually participate in perpetrating this fraud, are liable *civiliter* for the fraud to the same extent as if they had participated." (Id., 306.) And this principle seems to be sufficiently broad to subject these other defendants in this action to all the consequences of an action of this description, resulting from the fraudulent representations of the other partner. They were made in the course of the partnership business, and the firm reaped their benefit by receiving and disposing of the goods which the false representations had obtained. Their price was a debt against the firm and its members, which had been fraudulently contracted. And under section 5117 of the United States Revised Statutes, being section 33 of the bankrupt act, the bankrupt discharges did not operate to relieve either of them from liability for its payment. By that section it is the debt itself which has been created by fraud that is not to be discharged under the proceedings in bankruptcy. This was such a debt. And as each one of the defendants was civilly liable for the consequences of the fraudulent representations, it seems to follow that they have no ability to resist their liability in this action on the ground that they have been discharged as bankrupts. This, of course, is at variance with the conclusion previously adopted in the former decision of this appeal. But from the application of the authority last mentioned to the language of this section of the statutes, there seems to be no escape from the conclusion that the defendants have remained liable for the payment of this indebtedness, notwithstanding the discharge issued to them in the bankrupt proceedings. The verdict and judgment consequently must be sustained.

There is no ground disclosed by the case upon which either one of the defendants can be relieved, and the judgment and order should be affirmed.

VAN BRUNT, P. J., concurred.

Judgment and order affirmed.