(36 Misc. Rep. 216.)

### FREY v. TORREY.

(Supreme Court, Appellate Term.  October, 1901.)

1. BANKRUPTCY—DISCHARGE—FRAUD.
    Bankr. Act 1898, § 17, subd. 4, providing that the discharge of a bankrupt shall not release him from judgments in actions for fraud or obtaining property by false pretenses, a discharge does not relieve a private banker from liability for a deposit accepted by him when insolvent to his own knowledge.

2. SAME—WAIVER—PROOF OF DEBT.
    The depositor, by proving his debt in bankruptcy, did not waive any right to sue the banker in a state court.

Appeal from municipal court of city of New York.

Action by Louis J. Frey against David M. Torrey. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

R. A. B. Dayton, for appellant.

W. J. Rosenstein, for respondent.

GILDERSLEEVE, J. The action is brought to recover the amount deposited by the plaintiff with the defendant, who was a private banker, which deposit was, according to the plaintiff, received by the said banker, although the latter knew he was insolvent at the time of receiving such deposit. The answer is a general denial and a discharge in bankruptcy. The justice gave judgment for the plaintiff for $162.05 damages and costs. The defendant appeals.

The defendant was a private banker, with whom plaintiff had been making deposits for more than a year. His last deposit was on October 11, 1898. On October 4, 1898, the plaintiff's total balance with defendant was $1.19, but on October 5th, 6th, 7th, 10th, and 11th he deposited sums aggregating $150. However, during the aforesaid days of October, 1898, he withdrew sums aggregating $28, so that at the close of business on October 11th he had a balance of $123.19, of which $122 had been deposited by the plaintiff and received by the defendant as such private banker subsequent to October 4, 1898. Other checks were drawn by the plaintiff on the defendant on October 10th, and payment refused, although the amounts were within the limit of the plaintiff's balance with the defendant. No part of the balance of $123.19 has been paid by the defendant, although duly demanded. On October 13, 1898, the defendant made a general assignment for the benefit of creditors. The assignee only succeeded in collecting about $600 of assets. The plaintiff introduced considerable evidence, both documentary and oral, tending to show that defendant was insolvent at the time that said deposits were made, and that he accepted them with full knowledge of his own in-

solvency, while carefully concealing that fact from the plaintiff. There is much dispute as to the facts, but there is sufficient evidence to uphold the finding of the justice in the plaintiff's favor. By accepting such deposits, under the circumstances disclosed, the defendant was guilty of fraud. Cassidy v. Uhlmann, 54 App. Div. 208, 66 N. Y. Supp. 670; Cragie v. Hadley, 99 N. Y. 135, 1 N. E. 537, 52 Am. Rep. 9; Blair v. Hill, 50 App. Div. 33, 63 N. Y. Supp. 670. His discharge in bankruptcy did not relieve him from a debt founded on fraud. Bankr. Act, § 17, subd. 4. Nor, by proving his claim against the defendant in the bankruptcy proceeding, did the plaintiff waive his right to bring this action. Ewart v. Schwartz, 48 N. Y. Super. Ct. 390; Stokes v. Mason, 10 R. I. 261. The numerous authorities cited by the defendant's counsel do not seem to apply to the circumstances of the case at bar.

The judgment, upon the whole case, should be affirmed, with costs.

FREEDMAN, P. J., concurs.

McADAM, J. (concurring). Although a literal reading of subdivision 4 of section 17 of the bankruptcy law causes a doubt to arise as to whether debts created by the fraud of a bankrupt who is not an officer or one acting in a fiduciary capacity are unaffected by his discharge (In re Lewensohn [D. C.] 3 Am. Bankr. R. 596, 99 Fed. 73), a careful reading of that subdivision in the light of former bankruptcy acts indicates that such debts are not affected by a discharge in bankruptcy. A reference to the former statutes is instructive as showing the development of the scheme of exemption from the operation of the law. There was no express provision for exemption in the act of 1800 (2 Stat. 19). By the act of 1841, § 1 (5 Stat. 440), the debts not released by a discharge were "debts created in consequence of a defalcation as a public officer; or as executor, administrator, guardian or trustee, or while acting in any fiduciary capacity." The act of 1867 (14 Stat. p. 533, § 33) provided:

"No debt created by the fraud or embezzlement of the bankrupt or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act; but the debt may be proved, and the dividend thereon shall be a payment on account of said debt."

It will be noticed that the last-mentioned statute adds fraud or embezzlement of the bankrupt, who may not be a public officer or occupy a fiduciary relation, to the cases provided for by the act of 1841.

That part of the present act devoted to exemptions (section 17) not only provides for cases of fraud, but for other torts (subdivisions 2, 4), and also makes the discharge inoperative as to taxes (subdivision 1), and as to claims not scheduled in time, unless the creditor had actual knowledge or notice of the proceedings in bankruptcy. Under the act of 1867 doubts arose whether a judgment for fraud by merger of the original debt did not make the bankrupt's discharge operative upon the debt. In re Lewensohn, supra. Apparently to dispel such doubts, subdivision 2 of section 17 of the present statute was enacted, providing that the bankrupt's discharge shall not re-

lease him from provable debts which are "judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." And subdivision 4 of said section of the statute is, in substance, a re-enactment of the analogous provision of the former act. Coll. Bankr. (3d Ed.) 198. It appears to have been the legislative intent to prevent bankruptcy from being interposed as a shield against fraud, irrespective of the fact whether the creditor has obtained a judgment for the fraud or not.

Judgment affirmed, with costs.