(70 App. Div. 166.)

## FREY v. TORREY.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

**1. DISCHARGE OF BANKRUPT—DEBT CREATED BY FRAUD.**

Debts created by fraud, as enumerated in Bankr. Act 1898, § 17, subd. 4, excepting from discharge debts of a bankrupt which "were created by his fraud, embezzlement, misappropriation, or defalcation, while acting as an officer or in any fiduciary capacity," include all debts created by fraud, and the fraud need not have occurred while he was acting as an officer or in some fiduciary capacity.

**2. SAME—SUBSEQUENT ACTION—RIGHT TO SUE.**

Proof as a claim in bankruptcy of a debt created by the bankrupt's fraud, and which by Bankr. Act 1898, § 17, subd. 4, is not dischargeable, does not bar an action thereon after his discharge, though plaintiff may have waived the cause of action for the tort.

Van Brunt, P. J., dissenting.

Appeal from appellate term.

Action by Louis J. Frey against David M. Torrey in the municipal court of New York City. A judgment for plaintiff was affirmed by the appellate term (73 N. Y. Supp. 201), and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

A. B. Dayton, for appellant.

Walter J. Rosenstein, for respondent.

LAUGHLIN, J. The pleadings in the municipal court were oral. The record shows that the complaint was "for money obtained by fraud." The answer was a general denial and a plea of discharge in bankruptcy. The defendant was a private banker, and between the 5th and 11th days of October, 1898, the plaintiff deposited with him the sum of $150. The balance of this deposit standing to the credit of the plaintiff on the last-mentioned date was $123.19, no part of which has been paid. The action was brought to recover that sum. On the 13th day of October, 1898, the defendant made a general assignment for the benefit of his creditors, which was filed the next day; and on the 17th day of December thereafter, on the petition of his creditors, he was duly adjudged a bankrupt by the United States district court. In the bankruptcy proceedings the plaintiff filed proof of a claim in the same amount "for money deposited" with the defendant "while acting in the capacity of banker." On the 29th day of March, 1899, the defendant was duly discharged by said court from all debts provable in bankruptcy which existed on the day he was adjudged a bankrupt, "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

The appellant, without conceding fraud on his part in contracting this indebtedness, rests his appeal solely upon the grounds: (1) That respondent, having proved his debt upon contract, waived his right to recover upon the ground of fraud; and (2) that, even if there was actual fraud on his part, still the debt has been discharged by the discharge in bankruptcy. The trial court and the appellate term have determined that there was fraud on the part of appellant

in receiving these deposits when he was hopelessly insolvent. We do not deem it necessary, inasmuch as the appellant has not seen fit to present the point, to scrutinize the evidence, in the light of the decisions applicable, for the purpose of determining whether a find-ing that positive fraud, involving moral turpitude or intentional wrong, might be inferred therefrom. The effect of the discharge in bankruptcy must be determined by a consideration of the bankruptcy act of July 1, 1898, and the decisions thereunder, and those constru-ing the corresponding provisions of the former bankruptcy laws. Section 17 of the present bankruptcy law, so far as material to our inquiry, provides as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his prova-ble debts, except such as  *  *  *  (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another;  *  *  *  or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."  30 Stat. 550.

The provisions of the bankruptcy act of 1867 corresponding with the two subdivisions quoted, so far as that act contained provisions on the subject, were embraced in section 33 of the act of 1867, which is the same as section 5117 of the United States Revised Statutes, which provided as follows:

"No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy."

The appellant contends that the words, "while acting as an officer or in any fiduciary capacity," in subdivision 4 of section 17 of the act of 1898, related not only to "defalcation," but also to the words "fraud," "embezzlement," and "misappropriation." In other words, he contends that debts created by fraud are not necessarily dischar-geable in bankruptcy, but that the fraud must have occurred while the defendant was acting as an officer or in some fiduciary capacity. This was neither the grammatical nor judicial construction of sec-tion 5117 of the United States Revised Statutes. Sheldon v. Clews, 13 Abb. N. C. 41; Bradner v. Strang, 89 N. Y. 299, affirmed in Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 248; Schroeder v. Frey, 60 Hun, 58, 14 N. Y. Supp. 71, affirmed in 114 N. Y. 266, 21 N. E. 410; Stokes v. Mason, 10 R. I. 261; Branden. Bankr. (2d Ed.) 273.

The construction of subdivision 4 herein quoted has been frequent-ly discussed judicially, but we find no controlling precedent. The view presented by appellant seems to have been adopted by the appellate division in the Fourth department in Re Bullis (73 N. Y. Supp. 1047), but the construction of subdivision 4 was not essential to the decision in that case. The question there was whether a judg-ment had been discharged by a discharge in bankruptcy of the judgment debtor, and the point decided was that the judgment had been recovered in an action for fraud, and therefore was excepted from the operation of such discharge by subdivision 2 of said section 17. It is true that the provisions with reference to a discharge in bankruptcy under the present law are somewhat different from those

of the former act of congress; but we think the change has restricted rather than extended, the effect of a discharge. Subdivision 2 of section 17 excepts from the discharge judgments for willful and malicious injuries to the property of another. There was no similar exception in the former statute. Under the construction of the former bankruptcy law, causes of action against factors, agents, commission merchants, bailees, and auctioneers for conversion or misappropriation of funds or property were discharged, it being held that the debts for fraud not dischargeable were those where there was actual positive fraud as distinguished from implied or constructive fraud, and that the debts created by defalcation, while acting in a fiduciary character, embraced only those debts incurred by a breach of a technical, as distinguished from an implied, trust. Lawrence v. Harrington, 122 N. Y. 408, 25 N. E. 406; Mulock v. Byrnes, 129 N. Y. 23, 29 N. E. 244; Hennequin v. Clews, 77 N. Y. 427, affirmed in 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 565; Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586; Upshur v. Briscoe, 138 U. S. 365, 11 Sup. Ct. 313, 34 L. Ed. 931; Loveland, Bankr. § 295. In view of these decisions, we regard the addition of the word "misappropriation," inserted in subdivision 4 of section 17 of the act of 1898, which was not in the former act, as quite significant, and as designed to except from the discharge the classes of debts last referred to which were discharged under the former bankruptcy law. It will also be observed that the word "public," qualifying "officer," in the former statute, has been omitted from the act of 1898.

It seems to be the view of the text writers and of the federal judges, so far as this question has been considered, that congress in this change of phraseology intended no change whatever with reference to the character of the debts created by fraud, which are not dischargeable. Coll. Bankr. (3d Ed.) pp. 198, 199; Loveland, Bankr. §§ 293, 295; In re Thomas, 1 Am. Bankr. R. 515, 92 Fed. 912; In re Moreau Lieber, 3 Am. Bankr. R. 217. If the words "fraud," "embezzlement," and "misappropriation" are all qualified by the clause, "while acting as an officer or in any fiduciary capacity," it is difficult to see the purpose of the use of the word "fraud" at all.

The respondent's claim not having been merged in a judgment, subdivision 2 of section 17, hereinbefore quoted, has no application, and we do not think that that subdivision tends to sustain the appellant's contention. It will be observed that there was no corresponding provision under the former law expressly exempting from the discharge causes of action for fraud that had merged in judgments. There appears to have been some doubt whether such judgments would remain enforceable, and, in view of the fact that congress provided in subdivisions 1 and 5 of section 63 for proving judgments as debts, this subdivision was doubtless enacted to obviate such question, as well as to provide for cases, as has been seen, that were neither covered by the former law nor included in subdivision 4 of the present act. In re Lewensohn, 3 Am. Bankr. R. 594–596, 99 Fed. 73; Coll. Bankr. (3d Ed.) p. 194.

The application of subdivision 4, relating to debts not in judgments, depends on how the debts were created; while the application of sub-

division 2, which is confined to debts merged in judgments, depends, not on how the debts were originally created but on the form of action on which the recovery was had, as shown by the judgments, pleadings, and record. In re Rhutassel (D. C.) 96 Fed. 597; In re Thomas, 1 Am. Bankr. R. 515, 92 Fed. 912; Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007; In re Bullis, supra; Coll. Bankr. (3d Ed.) p. 194. We are of the opinion, therefore, that this indebtedness, having been created by the fraud of the appellant, was not discharged by the decree in bankruptcy.

The appellant's contention that the respondent is estopped from prosecuting this action by his election to prove his claim in bankruptcy remains to be considered. A binding election can only be made where a party, with full knowledge of all the material facts, adopts a remedy which is inconsistent with another remedy then open to him. Crossman v. Rubber Co., 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91. We fail to discover any inconsistency between the remedy pursued by the respondent in the bankruptcy court and that adopted by bringing this action. It does not necessarily appear that the respondent waived the tort by filing proof of his claim in bankruptcy. If not, merely proving the indebtedness which concededly existed, and which was induced by fraud, would not be inconsistent with subsequently bringing an action to recover the money obtained by the fraud. Stokes v. Mason, 10 R. I. 261; Sheldon v. Clews, supra; Bickford v. Barnard, 8 Allen, 314. But, if the necessary inference from the record be that he waived the cause of action for the tort, still this case may be treated as an action on contract to recover the money on an implied promise to repay the same. The mere fact that it appears to have been alleged that the money was obtained by fraud is not decisive that the action is not upon contract. Subdivision 4, § 549, Code Civ. Proc., classifies an action to recover a debt induced by fraud as an action on contract. The allegation of fraud is essential only for the purpose of obtaining an order of arrest or body execution. Ewart v. Schwartz, 48 N. Y. Super. Ct. 390. The allegations of fraud may be treated as surplusage, and perhaps they would have been stricken out if the appellant had pleaded an election of remedies. The law seems to be well settled that proof of a cause of action in bankruptcy does not bar an action thereon subsequently, where the claim has not been fully paid. There is no inconsistency where the same claim is asserted in each forum, and there can be no bar without complete payment, except the debt be dischargeable. The claimant may sue on contract, and if the discharge in bankruptcy be pleaded he may, in rebuttal, show that the debt was created by fraud, not to change his cause of action from contract to fraud, but to prevent its being barred by the discharge in bankruptcy. Argall v. Jacobs, 87 N. Y. 110, 41 Am. Rep. 357; Schroeder v. Frey, 60 Hun, 58, 14 N. Y. Supp. 71, affirmed in 114 N. Y. 266, 21 N. E. 410; Stewart v. Emerson, 52 N. H. 301; Branden. Bankr. (2d Ed.) 273. As to those creditors whose claims would be discharged, it is well settled that proof of their claims does not deprive them of pursuing any other remedy if the bankrupt be not discharged. Coll. Bankr. (3d Ed.) p. 188; Whitney v. Crafts, 10 Mass. 23; Dingee v. Becker, Fed. Cas. No. 3,919.

There would seem to be no reason in holding that the proof of a claim in bankruptcy is an election which debars the creditor from afterwards pursuing the debtor for the same claim, unless it be one dischargeable in bankruptcy. The claim being provable in bankruptcy, there is no inconsistency in permitting the creditor to prove it, and share in the distribution, and subsequently adopt other remedies for collecting the balance of the claim.

These views lead to an affirmance of the determination of the appellate term, with costs.

HATCH, McLAUGHLIN, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. I dissent. I am of the opinion that the proving of the claim in bankruptcy was an election.