(38 Misc. Rep. 127.)

### PREDMORE v. TORREY.

(Supreme Court, Appellate Term. May, 1902.)

BANKRUPTCY—DISCHARGE—DEBT CONTRACTED IN FRAUD.

A private banker, knowing himself to be insolvent, accepted trust money for the special purpose of transmitting it to persons at a distance, and issued in their favor checks for the money, but did not pay the checks when presented. Held to be guilty of fraud, and not discharged from liability to the purchaser of the checks by his subsequent discharge in bankruptcy, under Bankr. Act 1898, § 17, subd. 4.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Henry S. Predmore against David M. Torrey. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and TRUAX, JJ.

E. S. Hull, for appellant.
R. A. B. Dayton, for respondent.

GILDERSLEEVE, J. This is an appeal by the plaintiff from a judgment of the municipal court, Second district, borough of Manhattan, in favor of the defendant, dismissing plaintiff's complaint. The action was brought to recover the sum of $173.23, with interest from October 10, 1878, on the ground, as alleged by plaintiff, that defendant fraudulently received the same knowing that he was insolvent at the time, and that the said money so received was a trust fund, and was fraudulently applied to purposes other than such trust. The pleadings were oral. The answer set up a general denial and a discharge in bankruptcy. The receipt of the money by defendant for the special purpose claimed by plaintiff is not disputed. The defendant tendered, by way of an affirmative defense, a certificate of his discharge in bankruptcy, and amended schedules showing that this claim was included in such schedules under the name of Keller Bros. The defendant was a private banker. The plaintiff was not a depositor of the defendant. It appears from the testimony that on October 10, 1898, the plaintiff called at defendant's place of business, and purchased two checks, or drafts, amounting in the aggregate to the sum claimed in the complaint, for the transmission of the money to Messrs. Keller Bros., of Gouveneur, N. Y.; that the plaintiff paid to the defendant the sum of 30 cents for the issuance of the same; and that the checks were made payable to Messrs. Keller Bros., and were dated October 3, 1898. It is the claim of the respondent's counsel that the checks were issued on October 3d, the day of their date; but this claim is not supported by the evidence. The defendant testified that he did not know of his own knowledge whether the checks were issued on the 10th or 3d of October. The plaintiff testified that they were issued on the 10th, and he requested that they be dated on October 3d, for the reason that his indebtedness to Keller Bros., which these checks were intended to pay, accrued on that date. The stamps on the checks were canceled by the bank of Gouveneur on October 11th, and the checks were deposited with the Hanover Bank of New York for collection on October 13th, when payment was refused. The preponderance of evidence is clearly with the plaintiff in support of his testimony that the checks were issued on October 10th. The defendant testified that the money for the checks was received by him, and put in the safe, and that he signed the checks in question. The plaintiff testified that he had taken up the checks, and was the owner and holder of the same, and that no part of his claim herein had been paid. On October 13, 1898, the defendant made an assignment for the benefit of his creditors, and filed the same on that day. The assignee only succeeded in collecting about $600 of assets. The plaintiff introduced considerable evidence, both documentary and oral, tending to show that defendant was insolvent at the time the deposits were made by plaintiff for which the checks in question were given, and that defendant accepted said deposits with full knowledge of his own insolvency. This insolvency, and defendant's knowledge thereof at the time of the acceptance of the money from plaintiff, are fully established by the testimony. It also appears that these facts were concealed from and unknown to the plaintiff. By accepting such deposits under the circumstances disclosed, the defendant was guilty of fraud. See Cassidy v. Uhlmann,

54 App. Div. 208, 66 N. Y. Supp. 670; Cragie v. Hadley, 99 N. Y. 135, 1 N. E. 537, 52 Am. Rep. 9; Blair v. Hill, 50 App. Div. 33, 63 N. Y. Supp. 670; Frey v. Torrey, 36 Misc. Rep. 216, 73 N. Y. Supp. 201, affirmed 70 App. Div. 166, 75 N. Y. Supp. 40. The discharge in bankruptcy could not relieve the defendant from a debt founded on fraud, even though such debt were included in the schedules, and defendant cannot claim exemption on that ground from the debt on which plaintiff seeks to recover in this action. See Bankr. Act, § 17, subd. 4; Frey v. Torrey, supra. The judgment of the trial justice was against the weight of evidence and against the law. The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.