In re WOLLOCK.

(District Court, N. D. Illinois, N. D. January 31, 1903.)

No. 7,325.

1. BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—FRAUD.

By the provision of Bankr. Act 1898, § 17 [U. S. Comp. St. 1901, p. 3428], that "a discharge * * * shall release a bankrupt from all of his provable debts except such as * * * (2) are judgments in actions for frauds," it was not intended to limit the claims exempted from release on account of fraud to those which had been reduced to judgment, but fraud in the creation of a claim is sufficient to bring the claim within the exception.

2. SAME—POWERS OF COURT—ENJOINING PROCEEDING IN STATE COURT.

A court of bankruptcy is without jurisdiction to enjoin proceedings in a state court in an action on the case for fraud against the bankrupt, since such action can in no manner affect the proceedings in bankruptcy, nor could the bankrupt's discharge constitute a defense thereto.

Rudolph D. Huszagh and Samuel A. Ettelson, for bankrupt.

Kraus, Alschuler & Holden, for respondents.

KOHLSAAT, District Judge. This matter comes on to be heard on motion of the bankrupt to restrain prosecution of a suit in tort brought by Crump Bros. against the bankrupt pending his discharge. The suit was instituted subsequently to the filing of the petition herein. The declaration counts upon fraud of defendant therein (bankrupt herein) in securing credit upon goods purchased. The state court has advanced the cause to a speedy hearing, on the representation of plaintiff therein that the claim will be released by a discharge in bankruptcy unless reduced to a judgment prior to discharge. The bankruptcy matter stands now on objections to discharge. If it is true, as contended, that the Crumps will be barred from pressing their suit for fraud unless the same is reduced to judgment before discharge, manifestly they should be permitted to proceed to judgment at once. On the other hand, if the claim would not be released by a discharge of the bankrupt in bankruptcy, then there are many reasons why the action in the state court should be restrained pending such discharge, among which may be named: First, that the bankrupt should be placed in a position to plead such discharge; second, it is peculiarly the province of the court having jurisdiction of the suit for recovery on the ground of fraud to pass upon the question as to whether the claim is one that is barred by a discharge under the statute, or not; third, if it shall become general practice to cast upon the District Court, in bankruptcy proceedings, the duty of determining the character of claims presented, the work of administrating the bankrupt estates will become unconscionably prolix and burdensome.

The question raised involves a construction of section 17 of the bankruptcy act [U. S. Comp. St. 1901, p. 3428]. Clause 2 of this section, by its terms, seems to limit the exception to judgments in actions for fraud, or by obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another. A common-sense reading of this clause is to the effect that nothing short of a judgment obtained in the cases specified will serve to take a case out of the general rule, and release it from the effect of a discharge; but this clause must be read in connection with clause 4 of section 17, which is as follows, viz.:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

The result of the state court proceeding can have no effect upon the bankrupt's right to a discharge. He is entitled to a discharge, in a proper case, notwithstanding some claims against him are found to be based upon fraud, and the question for the court having jurisdiction of a given case is simply whether that claim is released by the discharge. Nor can the character of a claim be affected by any steps taken subsequent to the filing of the petition. The rights of the parties must be adjusted as of the time of filing the petition in bankruptcy. It is inconceivable that the congress intended to enact by section 17 that no claim, however tainted by fraud, even to the extent of theft or robbery, should be excepted from the effect of a discharge in bankruptcy, unless reduced to the form of a judgment. From the reading of the act, it is evident that no such idea was contemplated. In my judgment, a fair interpretation of section 17, in the light of the previous act and the spirit of the law, leaves no doubt but that fraud in a claim, as well as a judgment based upon a fraudulent claim, is sufficient to bring the claim within the exceptions of the statute. This view is supported by many authorities. In re Blumberg (D. C.) 94 Fed. 476; In re Thomas (D. C.) 92 Fed. 912; In re Lewensohn (D. C.) 99 Fed. 73; In re Steed (D. C.) 107 Fed. 682; Loveland, Bankr. §§ 293, 295; Lowell, Bankr. 488; Collier, Bankr. (3d Ed.) 200, 202; Bracken v. Milner (C. C.) 104 Fed. 522 (neighbor's transaction); Frey v. Torrey (Sup.) 73 N. Y. Supp. 201; Id., 75 N. Y. Supp. 40; Stevens v. Meyers (Sup.) 76 N. Y. Supp. 332.

There is nothing in the point made by counsel that the court is without power to stay a proceeding begun after the filing of the petition in bankruptcy. The argument reduces itself to an absurdity. Section 11 of the act of 1898 [U. S. Comp. St. 1901, p. 3426] provides that the court shall stay a suit which is founded upon a claim from which a discharge would be a release, etc.; the plain object of the section being to bring all matters affecting provable claims into the District Court. Section 11 provides that nothing in that section shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not therein numerated. Clause 15, § 2 [U. S. Comp. St. 1901, p. 3420], provides that the court has such jurisdiction at law and in equity as will enable it to "make such orders, issue such process and enter such judgments in addition to those specifically provided for, as may be neces-

sary for the enforcement of this act." It will be seen that the court is required to stay only provable claims, by the statute. This would not limit its power to provable claims in a case, the prosecution of which would interfere with the proper enforcement of the act. It is admitted by the petition presented herein for a restraining order that the action sought to be stayed is an action on the case for fraud. If tried, the verdict must be "Guilty" or "Not guilty." Fraud is the gist of the action. Unless fraud is proven, there can be no recovery. The judgment of the court will be conclusive as to the existence or absence of fraud. Manifestly, under the holding above set out, the court is entirely without jurisdiction to stay the proceeding, under the language of the statute; and where, as in this case, there is nothing but the question of fraud involved, to which a discharge cannot be pleaded, there can be no embarrassment to the administration of the bankruptcy cause by this court,—consequently no case made for the general powers of this court.

The petition to stay suit is denied.