**FLEMING, Respondent, v. BROWN, Appellant.** (Supreme Court, Appellate Division, First Department. June Term, 1903.) Action by John Fleming against Charles A. Brown. No opinion. Order reversed, and matter remitted to Special Term, without costs.

**FLEMING, Respondent, v. METROPOLITAN ST. RY. CO., Appellant.** (Supreme Court, Appellate Division, First Department. November 6, 1903.) Action by Joseph Fleming against the Metropolitan Street Railway Company. C. F. Brown, for appellant. B. L. Kraus, for respondent. No opinion. Judgment and order affirmed, with costs.

**FLINT et al., Appellants, v. BURNS, Respondent.** (Supreme Court, Appellate Division, Third Department. November 11, 1903.) Action by Arden A. Flint and Charles H. Sabin against John A. Burns.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

PARKER, P. J., and CHESTER, J., dissent.

**FOSTER, Appellant, v. INTERNATIONAL PAPER CO., Respondent.** (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Joseph Foster, Jr., against the International Paper Company.

PER CURIAM. Order affirmed, with costs.

STOVER, J., not voting.

**FOX et al., Appellants, v. LEVI, Respondent.** (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Morris Fox and another against Louis S. Levi.

PER CURIAM. Judgment reversed, and new trial ordered, with costs to appellants to abide event. Held, that the trial court erred in deciding that the discharge of the defendant in the bankruptcy proceeding is a bar to the plaintiff's cause of action. Frey v. Torrey, 70 App. Div. 166, 75 N. Y. Supp. 40, affirmed 175 N. Y. —, 67 N. E. 1082. We do not pass upon the other questions argued.

**FOX, Respondent, v. MAHONY, Appellant.** (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Edward Fox, as administrator, etc., against John J. Mahony. D. P. Mahony, for appellant. L. O. Van Doren, for respondent. No opinion. Judgment affirmed, with costs.

**FRANCIS H. LEGGETT & CO., Respondent, v. LANDWEHR, Appellant.** (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Francis H. Leggett & Co. against George Landwehr. No opinion. Motion denied.

**In re FRANK.** (Supreme Court, Appellate Division, Second Department. November 25, 1903.) In the matter of the application of Samuel J. Frank for admission to the bar. No opinion. Application granted.

**FRANKLIN, Respondent, v. NEW YORK & QUEENS COUNTY RY. CO., Appellant.** (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Josephine T. Franklin against the New York & Queens County Railway Company. No opinion. Order affirmed, with $10 costs and disbursements.

**FRANTZ, Appellant, v. MARBE et al., Respondents.** (Supreme Court, Appellate Term. November 18, 1903.) Action by Charles B. Frantz against William Marbe and others, from a judgment for defendants, plaintiff appeals. Affirmed. Kroyer & Austin, for appellant. J. Marks, for respondents.

PER CURIAM. Upon thoroughly credible evidence, the justice was well able to find that the agreement of sale upon which the plaintiff sues never existed, and that the admission of the existence of the contract sought to be spelled from the sending of a letter was in fact no admission, in view of the acceptable testimony showing the circumstances under which the letter was sent. Judgment affirmed, with costs.

**FREEMAN, Respondent, v. FREEMAN et al., Appellants.** (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Action by Frank E. Freeman against J. Irving Freeman and another.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

STOVER, J., not voting.

**FROST, Respondent, v. HOE et al., Appellants.** (Supreme Court, Appellate Division, First Department. April Term, 1903.) Action by Morris Frost, by Sadie Frost, his guardian ad litem, against Robert Hoe and Charles W. Carpenter, doing business under the firm name of R. Hoe & Co.

PER CURIAM. Order modified as directed in opinion, and, as modified, affirmed, without costs. [Nothing for publication in this case.]