(23 Civil Proc. R. 234.)

### ARROW STEAMSHIP CO. v. BENNETT.

(Supreme Court, Special Term, New York County. October 18, 1893.)

APPEAL—JUDGMENT ROLL—BILL OF PARTICULARS.

On appeal from an interlocutory judgment overruling a demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, appellant (defendant) will not be required to include in the judgment roll a bill of particulars served by

plaintiff, as a bill of particulars is not a part of the pleading to which it refers, and is not required by any statute to be included in the judgment roll.

Action by the Arrow Steamship Company against James Gordon Bennett. An interlocutory judgment was entered overruling a demurrer which had been interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, and defendant appealed. Plaintiff moves for an order requiring defendant to include in the judgment roll a bill of particulars which had been served by plaintiff. Denied.

For decision on appeal from the interlocutory judgment, see 25 N. Y. Supp. 1029.

David McClure, (Turner, McClure & Rolston, of counsel,) for plaintiff.

John Townshend, for defendant.

INGRAHAM, J. By section 481 of the Code it is provided that the complaint must contain the title of the action, the name of the court in which it is to be brought, the name of the county which the plaintiff designates as the place of the trial of the action, and a plain and concise statement of the facts constituting such cause of action, and a demand for the judgment to which the plaintiff supposes himself to be entitled; and it is to this complaint that the defendant demurs. If the complaint is not definite, the defendant has the right to move to make it more definite and certain; but when the complaint is finally settled the right of the plaintiff to recover must depend upon the facts therein alleged. The defendant in this case demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action, and it is this demurrer that was overruled, and from the interlocutory judgment overruling the demurrer the defendant has appealed.

The only provision of the Code relating to a bill of particulars is contained in section 531, which provides that the court may in any case direct a bill of the particulars of the claim of either party to be delivered to the adverse party. It is true that the bill of particulars has been spoken of as an amplification of the pleading to which it is attached, and must be construed as a part thereof; but, strictly speaking, a bill of particulars is no part of the pleading to which it refers. The object of a bill of particulars is to apprise a party of the details of his opponent's claim, and to limit a party to the items here stated, not to state facts to support the claim. The facts that would entitle a party to judgment must be stated in the pleading; the details of the claim are to be stated in the bill of particulars. There is nothing in the Code that expressly provides that the bill of particulars must be made part of the judgment roll. It is only where a bill of particulars involves the merits, or necessarily affects the judgment, that it should be made part of the roll, (section 1237;) and where the sole question determined by the judgment is that the pleading demurred to does or does not state facts sufficient to constitute a cause of action, the addition of

any other paper except the pleadings, the demurrer, and the judgment would seem to be unnecessary. I think, therefore, the motion should be denied, with $10 costs, to abide the event.