## SPIES v. MICHELSEN.

*(Supreme Court, Trial Term, New York County. January, 1896.)*

APPEAL—SETTLEMENT OF THE PROPOSED CASE.
     On appeal from a judgment determining only that the complaint does
     not state facts constituting a cause of action, a bill of particulars relating
     to items of account served in pursuance of a demand by defendant should
     not be included in proposed case as part of the complaint.

Action by Amelia L. Spies, administrator of Francis Spies, deceased, against Heinrich Michelsen. The complaint was dismissed. Plaintiff appeals, and moves to settle proposed case.

James Harold Warner, for appellant.
Hamilton R. Squier, for respondent.

GIEGERICH, J. The complaint was dismissed at the trial because it did not, in my opinion, state facts sufficient to constitute a cause of action; and plaintiff has appealed. The latter seeks to incorporate into the case on appeal "a copy of the account existing between the estate of Francis Spies, deceased, and the defendant, Heinrich Michelsen, from the 1st day of January, 1893 [the day of the last previous accounting between the said Francis Spies, deceased, and the said defendant], to the 21st day of June, 1893," served in pursuance of a demand therefor by the defendant's attorney, and which the defendant, by proposed amendments, seeks to eliminate from plaintiff's proposed case. It is urged by plaintiff that "the bill of particulars is regarded as being incorporated into the complaint; the two are read together as if they constituted a complaint consisting of a statement of the cause of action with particulars, and are deemed the complaint." But the authorities do not favor the position contended for. The Code contemplates two kinds of bills of particulars, the first relating to "the items of an account" alleged in a pleading, the second to matters constituting any other form of claim. Code Civ. Proc. § 531; Dowdney v. Volkening, 37 N. Y. Super. Ct. 313, 316. The copy account in the case at bar comes clearly within the first class of cases, and is therefore subject to the rules applicable to a bill of particulars. It is not the office of a bill of particulars to state the grounds upon which the plaintiff claims to recover, but only to point out the items and particulars embraced in his claim, in order to identify them. Seaman v. Low, 4 Bosw. 337. A party cannot plead or answer to a bill of particulars which forms no part of the record. Kreiss v. Seligman, 8 Barb. 439. "The facts that would entitle a party to judgment must be stated in the pleading; the details of the claim are to be stated in the bill of particulars." Per Ingraham, J., in Steamship Co. v. Bennett (Sup.) 26 N. Y. Supp. 948, 949. And where the sole question determined by the judgment is that the pleading demurred to does or does not state facts sufficient to constitute a cause of action, the addition to the record of any paper other than the pleadings, the demurrer, and the judgment is unnecessary. Steamship Co. v. Bennett, supra. See Kreiss v. Seligman, supra. It would seem to follow from these views that

the copy account in the present case forms no part of the complaint, and, since it was not put in evidence, it forms no part of the record; hence the defendant's proposed amendments numbered 2, 3, and 5, respectively, should not be allowed. All other proposed amendments contested by plaintiff's counsel are allowed.

Case and exceptions settled and ordered on file.