(20 Misc. Rep. 702.)

### COPP v. COLORADO COAL & IRON CO.

(City Court of New York, General Term. July 15, 1897.)

CONTRACT OF HIRING—CONSTRUCTION.

    A contract for personal services, for no specified time, at a specified salary per year, payable monthly, though continued for several years, is not a contract for a year, but one for an indefinite period, determinable at the will of either party, with compensation at a specified rate per year, payable monthly, for services rendered.

Appeal from trial term.

Action by William A. Copp against the Colorado Coal & Iron Company. From a judgment on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

James Stikeman, for appellant.

John O'Connell, for respondent.

McCARTHY, J. The plaintiff, who is an attorney and counselor at law, claims to recover of the defendant for certain work, labor, and services, care, and diligence rendered by him in the performance, at the defendant's request, and as attorney and counselor for them, in divers matters, causes, suits, and business, and in conducting and managing their legal business between the 1st day of May, 1892, and the 1st day of May, 1893, at an agreed sum or salary, at the rate of $1,800 yearly, and for the year ending in 1893, to be paid monthly, and that, by reason thereof, there is due the sum of $600. The jury having determined the question of fact, we must accept the fact to be that the contract was made in May, 1888; that the plaintiff moved in during the first week, about the 3d, 4th, or 5th, of May; and if this had been under a contract for a year's service, at a yearly salary, and the plaintiff continued in the employment of the defendant after the expiration of the year, and nothing further was said, the presumption is that the parties have assented to a continuance of the service for another year, at the same salary (Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143), until either party expressed their determination to end it. It controlled the terms of service and compensation under it as against both parties, as well as afforded an authority from which the intention of the parties in relation to a further contract could be inferred. In other words, after execution it was to all intents valid. Dodge v. Crandall, 30 N. Y. 294.

But was the hiring in the case at bar a yearly hiring or not? The only evidence, as appears by the record, is as follows:

"It was during the first week of May, 1888, when I had a conversation with the president of the company. The conversation was that they wanted me to go there, and have an office with them. and they agreed to pay me the sum of $1,800 per year, and I was to act as general counsel for the company in New York. and I was to pay $600 per year rent for the use of my office, which was to be deducted from the $1,800. I was to receive $1,200 a year in cash, payable monthly. I furnished my office myself, and moved in there under that agreement, and performed services, and was paid for them for that year and

for succeeding years, so that there never was any change made in the agree-- ment, I remaining on in that building with them for three years consecutively. Then they took a lease in the United States Trust Company Building, and we moved there. I remained there two years, and I have not been paid for the last six months, comprising November and December, 1892; and from January to April, 1893, I had the office, but I had not received my $100 a month compen-- sation. I continued the rendition of services to which I have referred after the 1st day of May, 1892, and until the 1st day of May, 1893. I was paid by the defendant for the first six months. I received $100 per month during May, June, July, August, September, and October. No part of any charge for my services- for the months of November and December, 1892, and from January to April, 1893, has been paid. I have demanded payment of that amount. The interest due on the claim from May 1, 1893, to date, is $139, no part of which has been paid."

Now, the whole case must depend on this original agreement, made in 1888, since, as above testified, no change was ever made after. The- plaintiff remained with the defendant, in the offices of the defendant,. occupied by them in 1888, and continued until they removed to the- United States Trust Company Building, which was within the last two years of the alleged term herein. We do not think the plaintiff' proved an original contract with the defendant, whereby he was em- ployed to render services for a year. Nothing is said in the testimony- of a hiring for a year by the year, but simply that his compensation. will be paid to him monthly, at the rate of so much per year; and' thus we have it squarely presented in the case at bar that the hiring, if anything, was an indefinite one, no specific time being fixed; for, no matter what may have been the real fact, this case must stand or· fall on the evidence as appears from the record.

In the court of appeals, in Martin v. Insurance Co., 148 N. Y. 117,. 42 N. E. 416, Bartlett, J., has clearly laid down the law, at page 121,. 148 N. Y., and page 417, 42 N. E., as follows:

" 'In England it is held that a general hiring or a hiring by the terms of which no time is fixed is a hiring by the year. * * * With us the rule is inflexible that a general or indefinite hiring is prima facie a hiring at will, and, if the- servant seeks to make it out a yearly hiring, the burden is upon him to establish it by proof. A hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * * A contract to pay one twenty-five hundred dollars a year for services- is not a contract for a year, but a contract to pay at the rate of twenty-five hun- dred dollars per year for services actually rendered, and is determinable at will by either party. Thus, it will be seen that the fact that the compensation is measured at so much a day, month, or year does not necessarily make such hir-- ing a hiring for a day, month, or year, but that in all such cases the contract may be put to an end by either party at any time, unless the time is fixed, and a recovery had, at the rate fixed for the services actually rendered.' * * * It follows, therefore, that the hiring of the plaintiff was a hiring at will, and the· defendant was at liberty to terminate the same at any time."

Since this is the decision of the highest court of our state, we must accept it; and the judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN WYCK, C. J., concurs.