(42 Misc. Rep. 269.)

### DONALD v. GEARHARDT.

(Supreme Court, Special Term, Herkimer County. December, 1903.)

1. SALE—ACTION FOR PRICE.

    Where, in an action for the price of goods sold, the complaint fails to allege either indebtedness or nonpayment, it is demurrable.

Action by George D. Donald against Nicholas Gearhardt. Demurrer to complaint sustained.

A. H. Bellinger, for plaintiff.

Robert F. Livingston, for defendant.

WRIGHT, J. The complaint alleges that the plaintiff furnished and delivered to the defendant certain merchandise at his request, and demands judgment therefor. There are neither allegations of the non-payment of the purchase price, nor of indebtedness, nor of a breach of contract. The plaintiff's bill of particulars states in detail the articles furnished by the plaintiff to the defendant, with the prices thereof. It also states an item of credit and a "balance." The defendant demurs to the complaint on the ground that it does not state a cause of action. The plaintiff urges that the bill of particulars expresses a sufficient allegation of a breach of the contract.

The demurrer must be sustained. The rule is that, where the action is founded upon a contract, obligation, or duty of the defendant, the very gist and essence of the cause of action is the breach thereof by the defendant, and, unless a breach is alleged, no cause of action is shown. Lent v. N. Y. & M. R. Co., 130 N. Y. 504, 511, 29 N. E. 988; Newton v. Browne, 6 Misc. Rep. 603, 26 N. Y. Supp. 83. It is the essence of a pleading on a contract to show the breach upon which

¶ 1. See Sales, vol. 43, Cent. Dig. § 1003.

the liability arises. The breach of the contract for the payment of money is the failure to pay, and the nonpayment must be alleged the same as any other fact rendering the defendant liable in failing to fulfill his agreement. Bacon v. Chapman, 85 App. Div. 309, 82 N. Y. Supp. 545. In that case an allegation in an answer that the defendant had performed services for the plaintiff at his request of the value of $49 was held bad, as there was no averment of nonpayment of the debt set out. The plaintiff cannot rely on his bill of particulars to cure the defect existing in his complaint. The purpose of a bill of particulars is to limit the testimony on the trial to the items in the bill, and a party cannot plead or answer to such a bill. The answer must be to the pleading, and not to the bill of particulars, which forms no part of the record. Kreiss v. Seligman, 8 Barb. 439; Spies v. Michelsen, 15 Misc. Rep. 414, 36 N. Y. Supp. 619. It is true that the bill of particulars purports to show that a balance has been struck, but there is nothing to show it to be due or unpaid. The plaintiff is in no better position than he would have been had he omitted the bill of particulars entirely, as far as stating his cause of action is concerned. The demurrer must therefore be sustained.

Demurrer sustained.