CALDWELL v. CALDWELL CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. MASTER AND SERVANT—DISCHARGE—CONTINUATION OF CONTRACT—PRESUMPTIONS.

   In the absence of proof that a prior contract of employment was for a whole year's service, and that services were rendered thereunder for at least one year, the presumption that, in the absence of evidence to the contrary, the servant's continuance in the employment after the expiration of the year was under an implied contract for services for another year at the same salary, has no application.

Appeal from City Court of New York, Trial Term.

Action by Henry L. Caldwell, Jr., against the Caldwell Company. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Cantwell & Moore, for appellant.
Steuer & Hoffman, for respondent.

PER CURIAM. Before the rule contended for by the plaintiff, namely, that where one enters into the employ of another under a contract for a year's service, and continues in the employment after the expiration of the year, the presumption, in the absence of evidence to the contrary, is that the parties agreed to a continuance for another year at the same salary, can have any application, it must appear that in fact there was a prior contract for a whole year's service, and that services were rendered thereunder for at least one year. In the case at bar there was no such prior contract, and the plaintiff had rendered services for only 10 months. The presumption stated above does therefore not attach to his continuance in service for a few months longer, and, there being no evidence to sustain the theory of a renewal for another year upon which the verdict is based, the judgment cannot be sustained.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event.