## ARCADE REALTY CO. v. TUNNEY.

### (Supreme Court, Appellate Term. December 11, 1906.)

1. LANDLORD AND TENANT—LEASE—CONSTRUCTION—TIME OF PAYMENT.

In an action for rent, it appeared that defendant occupied the premises under a letter from plaintiff of May 5, 1905, confirming "our mutual agreement made some time ago, leasing for one year, at $1,500 per annum; all other conditions and covenants of the lease to be the usual ones." Plaintiff also introduced a similar letter written the preceding year, and was permitted to introduce a lease of the same premises for one year from May 1, 1903, stipulating for payment of rent in advance. *Held*, that the letter of May 5, 1905, was a separate and independent agreement for a new lease, and did not refer to and include the prior lease. Therefore the rent was not payable in advance.

2. SAME.

Under an agreement for a lease, "all conditions and covenants to be the usual ones," the rent is not payable in advance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 281.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by the Arcade Realty Company against Ida H. Tunney. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

A. A. Bunnell, for appellant.

E. E. Spiegelberg, for respondent.

DAVIS, J. Appeal from a judgment of the Municipal Court rendered in favor of the plaintiff after a trial by jury. The plaintiff sued to recover $125 rent for the month of April, 1906. The action was begun by the service of summons on April 26, 1906. The defendant answered by a general denial, and set up a counterclaim for $250 damages caused by defective plumbing in the premises. The defendant had occupied the premises in question since May 1, 1905, under the terms of a certian letter dated May 5, 1905, addressed to her by the plaintiff's representative as follows:

"Dear Madam: I hereby confirm our mutual agreement made some time ago, to the effect that the Arcade Realty Company will give you a lease for one year, from May 1, 1905, for the premises 152 E. 60th street, at fifteen hundred dollars ($1,500) per annum; all other conditions and covenants of the lease to be the usual ones, with the exception that the landlord agrees to make such repairs as he may consider necessary.

"Very truly yours,  A. L. Oppenheim, Sec'y."

In order to show what were the other conditions and covenants referred to in this letter, the plaintiff was allowed to introduce in evidence a lease of the same premises made April 11, 1903, for the term of one year from May 1, 1903, between the plaintiff and the defendant's·

101 N.Y.S.—38

husband, since deceased. By the express terms of this lease the rent reserved was payable in advance in equal monthly payments of $116.67 on the 1st of each month. In order to connect this lease with the letter of May 5, 1905, and to incorporate its terms in that letter, the plaintiff was allowed to introduce a letter of June 2, 1904, as follows:

"Dear Madam: We hereby accept your proposition to remain in the premises 152 E. 60th street for the term from May 1, 1904, to May 1, 1905, at a monthly rental of $125, payable on the 1st day of each and every month in advance at our office; all other conditions and covenants of the lease heretofore in existence between us to remain the same. * * * "

This letter was signed by the plaintiff, and the defendant occupied the premises under this instrument until May 1, 1905, presumably paying rent in advance. The plaintiff rested after putting in evidence the old lease and the three letters referred to. The defendant then moved for a dismissal of the complaint on the ground that the action had been prematurely brought; no rent appearing to be due at the time the action was brought, April 26, 1906. This motion was denied, and exception noted. Defendant then made proof of her counterclaim, after which both sides rested. Defendant renewed her motion to dismiss. This motion was denied, and on motion of plaintiff defendant's counterclaim was dismissed and a verdict directed for the plaintiff for the full amount of the rent claimed.

The plaintiff claims that the words, "all other conditions and covenants of the lease to be the usual ones," appearing in the letter of May 5, 1905, refer to the terms of the prior leases, including the covenant to pay rent in advance. If this construction of the letter of May 5, 1905, is correct, the plaintiff's cause of action was made out, as the nonpayment of rent on the 1st of April was admitted by defendant. But we think there is nothing in this letter of May 5, 1905, nor indeed in any of the evidence, that justifies a reference to the prior leases for an interpretation of its terms. The letter of May 5, 1905, accepted by the defendant, constituted a separate and independent agreement for a new lease. It contains no reference to prior leases or to the terms of prior leases. It does refer to a "mutual agreement," but obviously not to prior leases. The rent under the new lease is to be $1,500, and the conditions and covenants are to be the usual ones. It is well settled that the covenant to pay rent in advance is not a "usual one." Therefore, as there is no express provision for the payment of rent in advance, the plaintiff had no right to demand rent in advance. Goldsmith v. Schroeder, 93 App. Div. 206, 210, 87 N. Y. Supp. 558. It follows that the action was begun prematurely. In this view of the case, we think the court erred in admitting evidence of the prior leases and in denying defendant's motion for a dismissal of the complaint. The plaintiff had failed to make out a cause of action in failing to show that the April rent was due, and his complaint should have been dismissed.

Judgment reversed, with costs to appellant to abide the event, and new trial granted. All concur.