construed against the carrier when they are equivocal. This case has been here before (107 App. Div. 210, 95 N. Y. Supp. 17).

The learned trial judge was requested by the defendant to charge that unless the jury could find from the evidence that the injury occurred after the train arrived at Port Jervis, the plaintiff could not recover. The exception to the refusal was technically good, for there is no evidence of any delay before reaching that place. But the learned counsel for the defendant has waived this error by not mentioning it in his oral argument nor in his brief. We are therefore not called upon to consider whether it be substantial. In the same way he has waived the exceptions to the refusals to charge his requests in respect of the violation of section 663 of the Penal Code, and the charge of the plaintiff's request on that head. They may be serious, but it is not for us to seek out and enter into errors which the learned counsel for the defendant does not claim to be aggrieved by.

The judgment and order should be affirmed.

WOODWARD and RICH, JJ., concur. HOOKER, J., concurs in result. JENKS, J., dissents, upon his dissenting opinion in Galloway v. Erie R. R. Co., 107 App. Div. 210, 95 N. Y. Supp. 17.

---

(116 App. Div. 780)

## DANIEL v. MANHATTAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—TERM OF EMPLOYMENT— WRONGFUL DISCHARGE.

A contract of employment stipulated that either party might terminate it by a notice of 30 days. Thereafter the contract was extended for a year from a specified date. Similar renewals were subsequently made, the last renewal extending the contract for a year after a specified date. *Held*, that the master was liable for discharging the employé before the expiration of the year.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 11.]

Jenks, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Walter Travers Daniel against the Manhattan Life Insurance Company. From a judgment for plaintiff granting insufficient relief, both parties appeal. Affirmed.

See 94 N. Y. Supp. 49.

The action was for damages for breach of a written contract of employment of the plaintiff by the defendant to solicit insurance, dated February 15th, 1894.

The contract contained no fixed term of employment, but was by its terms terminable by either party by a notice of 30 days.

It was afterwards amended in writing several times, and the plaintiff continued in the employment until discharged on April 6th, 1900, by a notice of 30 days.

An amendment of February 15th, 1897, provided that "The contract between the parties hereto dated February 15th, 1894, is hereby extended from the 1st day of March, 1897, to the 1st day of March, 1898, subject to the fol-

lowing modifications;" and then followed certain amendments in respect to plaintiff's compensation and making his agency exclusive.

An amendment of February 17th, 1898, provided "that the amendments to said contract contained in that certain agreement in writing dated New York, February 17th, 1897, is hereby extended to cover the period of one year, viz., from March 1st, 1898, to March 1st, 1899."

On March 1st, 1899, the parties added the following to the last amendment given above, viz.: "The amendments to said contract and the said contract so amended is by mutual agreement extended until March 1st, 1900."

Finally on February 24th, 1900, the parties made the following agreement of extension:

"The contract between the parties dated February 15th, 1894, as amended by written amendment dated February 15th, 1897; also by one dated June 22d, 1898; also by one dated May 1st, 1899; also by one dated February 17th, 1896, which latter shall take the place of the agreement to pay fifteen per cent. (15%) advance contained in the contract; also by one dated May 18th, 1894—is hereby extended, as is also the amendment of February 15th, 1897, for one year after March 1st, 1900, all other amendments having lapsed.".

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

George W. McKenzie, for plaintiff.

Edward S. Rapallo, for defendant.

GAYNOR, J. The duration of the plaintiff's employment was fixed by a clause in the original agreement that either party might terminate the agreement by a notice of 30 days. Three several times that agreement as theretofore amended was in terms "extended" from the 1st day of March in one year to the same day in the following year, the final agreement of extension being dated February 24th, 1900, and providing that the said agreement as amended (all of the amendments being enumerated) "is hereby extended * * * for one year after March 1st, 1900."

The duration thus fixed was different to that first fixed; it is inconsistent with it; both cannot exist together. If the contract was to continue to be terminable by either side at will on a notice of 30 days, what was the meaning of extending it for a year? If the contract could still be terminated at will—if that was the intention—the words of extension for a fixed period were used to mean nothing.

The contract was extended a year from March 1st, 1900, and the defendant is liable for damages for discharging the plaintiff before the year was up.

The judgment should be affirmed.

Judgment and order affirmed, without costs.

HIRSCHBERG, P. J., and HOOKER and MILLER, JJ., concur.

JENKS, J. (dissenting). The action is for damages for the breach of a contract. On February 15, 1894, the parties made a contract whereby the defendant employed the plaintiff as its agent to solicit applications for life insurance. It contained a clause that the employment was terminable by either party upon a written notice of 30 days. The relation continued until April 7, 1900, when the defendant

served the plaintiff with a notice of termination. The original contract from time to time was amended and was changed, and the plaintiff now sues on the theory that the contract extant in 1900 was for a fixed period of one year from March 1, 1900, until March 1, 1901, and that the provision for termination was not then in the contract. At trial and immediately after the opening of counsel for plaintiff, the defendant moved for a dismissal of the complaint on the opening and upon the complaint. The motion was denied under exception, and the court stated that its views as theretofore expressed might stand as reason for the denial. The record then refers to an opinion handed down by the learned trial judge in denial of the motion. The plaintiff then offered in evidence—

"The contract dated February 15, 1894, amendments to the contract dated October 10, 1894, amendments to the contract dated February 17, 1896, contract dated May 17, 1895, contract dated February 15, 1897, contract dated February 17, 1898, contract dated March 1, 1899, also one dated February 24, 1900, also notice of dismissal dated April 6, 1896, also letter from plaintiff to the defendant dated March 20, 1895, memoranda dated March 1, 1895, and May 13, 1895."

The defendant objected to the letter of March 20, 1895, the memoranda dated March 1, 1895, and March 13, 1895, as immaterial, irrelevant, and incompetent, and the court sustained the objection to the memoranda dated May 13, 1895, to both letters of March 20th and to the memoranda of March 1st. When the plaintiff rested, the defendant renewed its motion on the original grounds, and also moved on the ground that the plaintiff had failed to prove any cause of action. The motion was denied under exception. Again, at the close of the testimony of both sides, the defendant renewed the motion to dismiss upon all the evidence in the case, that no cause of action had been proven, and that the plaintiff had failed to state a cause of action in the complaint. This motion was denied under exception, and the case was submitted to the jury on the theory that the contract extant on March 1, 1900, was for the fixed period of a year, and that the defendant did not have the right under the contract to terminate it by its written notice of 30 days. The various writings and memoranda excluded by the court were annexed to and made part of the complaint, and were undoubtedly before the court when at the outset it rendered its opinion. But part of them had been excluded by the court upon the trial, as I have indicated, and therefore, when the later motions to dismiss were made, the court had before it only the contract dated February 15, 1894, and the amendments thereof dated October 10, 1894, and February 15, 1896, and the contracts dated May 17, 1895, February 15, 1897, February 17, 1898, March 1, 1899, and February 24, 1900.

The construction of the contract by the learned trial court is that as it existed in April, 1900, when the defendant served a notice of termination, the provision for such a termination was not extant. None of the changes or amendments of the contract in express terms either canceled that provision or even referred to it. The original contract, when amended or changed, was invariably extended or con-

tinued in express terms, and the final writing, which is the "contract" sued upon, reads as follows:

"New York City, February 24th, 1900.

"The contract between the parties dated February 15th, 1894, as amended by written amendment dated February 15th, 1897; also by one dated June 22, 1898; also by one dated May 1st, 1899; also by one dated February 17th, 1896, which latter shall take the place of the agreement to pay fifteen per cent. (15%), advance contained in the contract; also by one dated May 18th, 1894— is hereby extended, as is also the amendment of February 15th, 1897, for one year after March 1st, 1900, all other amendments having lapsed."

The proposition of the learned trial court is that the provision for termination was so inconsistent with the modifications of the contract as continued on February 15, 1897, and at later dates, that ex necessitate the provision for termination no longer existed after 1897, and consequently did not exist in April, 1900.

The rule is stated by Andrews, C. J., in Miller v. Hannibal & St. Jo. R. R. Co., 90 N. Y. 430, 433, 43 Am. Rep. 179:

"But it is the imperative duty of courts to give effect, if possible, to all the terms of an agreement. The construction is to be made upon a consideration of the whole instrument, and not upon one or more clauses detached from the others; and this principle applies as well to instruments partly printed and partly written as to those wholly printed or wholly written. Barhydt v. Ellis, 45 N. Y. 107."

See, too, Kratzenstein v. Western Assurance Co., 116 N. Y. 54–57, 22 N. E. 221, 5 L. R. A. 799, Vann, J., writing for the court.

In Barhydt v. Ellis, supra, the court, per Rapallo, J., say:

"Effect must be given, if possible, to every part of an agreement; and it is only when there is an inconsistency or repugnancy which is totally irreconcilable that a discrimination will be made as to which part shall be made to yield to the other. Harper v. N. Y. City Ins. Co., 22 N. Y. 443; Harper v. Albany Mut. Ins. Co., 17 N. Y. 198."

I come, then, to the question whether any of the changes or amendments made in the contract (which, as I have said, was invariably continued in express terms) show an inconsistency or repugnancy totally irreconcilable with the provision making the contract terminable upon 30 days' written notice. The changes or amendments mainly relied upon to show this situation are provisions which extend the contract for one year. In the final contract such extension is expressed as follows:

"The contract between the parties dated February 15th, 1894, as amended * * * is hereby extended, as is also the amendment of February 15th, 1897, for one year after March 1st, 1900, all other amendments having lapsed."

So that the first question is whether a provision which permits a contract of employment to be terminable by either party on 30 days' notice, in a contract which does not fix a definite term, must be excluded as irreconcilably repugnant or inconsistent, if the contract be amended so as to fix a definite term of employment. I think that the contract may be read as effective in both provisions, namely, as fixing the term of a year, unless sooner terminated by either party in accord with its specific provision therefor. I know of no rule that does not

permit the parties to determine a definite term, and still to provide that either may cut short that term in a perscribed way. Originally there was no definite term, and the only prescribed method of termination was by notice. Later a definite term was provided, which, however, I think could be and was made subject to termination by the prescribed notice. And we can, as we should, give full effect to every provision of the contract by such interpretation. The protection of the provision for 30 days' notice is available to either party, and it might well be that when it was written each desired it, and not one conceded it

In Schroeder v. Frey, 114 N. Y. 266, 21 N. E. 410, the court, per Bradley, J., say:

"When the language of a contract is plain and free from ambiguity, the understanding of the parties to it must be ascertained from its terms. And then whatever those terms fairly imply will be deemed embraced within it. Rogers v. Kneeland, 10 Wend. 219; s. c. 13 Wend. 114. It is when the meaning of an instrument is uncertain that resort may be had to extrinsic circumstances, leading to and attending the transaction, in aid of the interpretation of the language employed to express its terms. Blossom v. Griffin, 13 N. Y. 569, 67 Am. Dec. 75; Springsteen v. Samson, 32 N. Y. 703; Calkins v. Falk, 39 Barb. 620; Field v. Munson, 47 N. Y. 221."

The learned trial court lays stress upon the provision in the change of February 17, 1897, that the plaintiff, in addition to the compensation therein allowed to him, "shall, upon devoting the whole of his time to the business of the defendant, be allowed to deduct out of the first year's premiums collected by him on business secured by him, the further compensation of $150 per month," and makes the point that, if the contract could be terminated on 30 days' notice, the plaintiff "could not deduct $150 a month out of the first year's premiums collected by him on business secured by him." But this provision did not intend that the contract necessarily must last a year, and could not be terminated earlier, notwithstanding a provision for such termination. The "first year's premiums" refers to the premiums collected for the first year of the term of the assured from the assured, and the meaning, as I read it, is that as the plaintiff collects such premiums he may take out $150 each month during the term of the contract. It it not absolutely necessary, as I see it, that he must be employed for a year before he can collect a first year's premium. If this were so, how could he deduct $150 per month? It necessarily means no more than that, as such premiums came in to him for the defendant, he could take out of them $150 each month. A provision that is effective for the prescribed term of a contract does not forbid a provision that makes the contract terminable before the lapse of that term. The several cases cited by the learned counsel for the respondent for his proposition that if the contract mentions a time limit it cannot be canceled without cause do not, as far as my examination goes, reveal the existence of provisions in the contracts for termination such as is written into this agreement, and several of them are decided upon the ground that there was clear language in the contracts which indicated a fixed term as much as if it had been definitely stated. They are not applicable to the case at bar. I am of opinion that the 30-day clause was available to the defendant at the time it gave the notice of termination, and that therefore the plaintiff did not make out a case.

The motion made to dismiss the complaint at the close of the case should have been granted. Therefore I advise a reversal of the judgment and order, and that a new trial be granted; costs to abide the event.