(52 Misc. Rep. 560)

### DIXON v. BUNNELL.

(Supreme Court, Appellate Term. February 11, 1907.)

1. MASTER AND SERVANT—ACTION FOR WAGES—PREMATURE COMMENCEMENT.

An action for a "balance of wages," when brought before the same became due under the contract of service, will be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 109.]

2. PLEADING—BILL OF PARTICULARS.

A bill of particulars cannot be regarded as a part of a complaint, nor can it change the nature of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 949.]

Appeal from Municipal Court, Borough of Bronx, Second District. Action by Walter H. Dixon against Irving Bunnell. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Weeks W. Culver, for appellant.

Paul M. Crandall, for respondent.

GILDERSLEEVE, J. This action was begun by the service of a summons on April 4, 1906. The pleadings were oral; the plaintiff complaining for "balance for wages, $65." The defendant offered no proof upon the trial, and at the close of the plaintiff's case moved for a dismissal of the complaint, upon the ground that the same was prematurely brought. This motion was granted, and the complaint dismissed, without prejudice to a new action.

The plaintiff's testimony showed that he was employed on March 17, 1906, at the agreed monthly wages of $70, and that he was discharged on March 22, 1906; the defendant paying him the amount of wages earned up to that time. The plaintiff claims that the action was brought for breach of contract, and that therefore, although the action was begun prior to the termination of the plaintiff's term of employment, the case not having been tried until after such termination, recovery could be had. Everson v. Powers, 89 N. Y. 527, 42 Am. Rep. 319. This would be true, if the cause of action set up was a breach of contract, as the contract of hiring was broken at the time the defendant was discharged; but the complaint set up a claim for "balance for wages, $65," and the testimony of the plaintiff was that he was hired by the month, and that there remained due him as wages at the agreed price for his services the sum of $65.

It is claimed that the plaintiff's bill of particulars indicates that the cause of action is for a breach of contract; but a bill of particulars does not constitute a cause of action, nor can it change it, and, if we could regard a bill of particulars as part of a complaint, the one in the case at bar is as susceptible of a construction in support of a claim for balance due on wages as for a breach of contract, and, as before stated, the theory of the trial was to recover for a balance due as wages. The plaintiff had no cause of action for wages when the action was begun, and the dismissal of the complaint was correct.

Judgment affirmed, with costs. All concur.