## HOEY v. KILDUFF.

(Supreme Court, Appellate Term.　January 21, 1910.)

1. PLEADING (§ 345*)—MOTIONS—JUDGMENT ON PLEADINGS—INSUFFICIENCY OF COMPLAINT.

Under Code Civ. Proc. § 547, permitting the court upon motion at any time after issue joined to give judgment on the pleadings, if either party is entitled thereto, defendant can move for judgment upon the pleadings, dismissing the complaint because it does not state facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1055; Dec. Dig. § 345.*]

2. PLEADING (§ 350*)—BILL OF PARTICULARS.

Upon motion for judgment upon the pleadings because the complaint does not state facts sufficient to constitute a cause of action, the bill of particulars filed with the complaint cannot be considered as a part of it in determining its sufficiency, forming no part of the record.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1074; Dec. Dig. § 350.*]

Appeal from City Court of New York, Special Term.

Action by Sidney Hoey against Margaret E. Kilduff. From an order denying a motion for judgment on the pleadings, dismissing the complaint, defendant appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Tierney & Conlon (Frank I. Tierney, of counsel), for appellant.

Philip Cohen, for respondent.

GIEGERICH, J.　The defendant moved under section 547 of the Code of Civil Procedure for judgment on the pleadings, dismissing the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action, which was denied. The right of the defendant to make such a motion is challenged by the plaintiff, who has cited the recent decision made at Special Term in this department in Ship v. Fridenberg, 120 N. Y. Supp. 969, where it was held that the statute was not intended to embrace a case of the dismissal of the complaint for insufficiency.

Previously, in October, 1908, in Mitchell v. Dunmore Realty Co., 60 Misc. Rep. 563, 112 N. Y. Supp. 659, I had held directly the contrary, and had granted the motion of a defendant made under the same statute to dismiss the complaint for insufficiency, calling attention to the fact that the language of the section in plain terms conferred the right upon either party, and stating at considerable length the many advantages of the practice authorized by the new Code section referred to. In Jones v. Gould, 130 App. Div. 451, 114 N. Y. Supp. 956, decided in February, 1909, the Appellate Division of this department expressly held that while, under the former practice, the sufficiency of a complaint could only be tested by a demurrer or by a motion to dismiss upon the trial, now the same result could be accomplished by a motion to dismiss made at Special Term in advance of the trial; and in the recent case of Switzer v. Commissioners for Loan-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing Certain Moneys of the United States in New York County, 119 N. Y. Supp. 383, the same court said that such a motion for judg-ment is equivalent to a demurrer to the complaint for general insuffi-ciency. It must, therefore, be regarded as the settled law in this department that a defendant is entitled to make a motion of this char-acter.

Passing, now, to a consideration of the order which is the subject of this review, it is urged by the defendant that the plaintiff's bill of par-ticulars should be read with the complaint and made a part of the same, and that if so read the complaint does not state a cause of action. In support of this position he cites several cases which seem to sustain his contention; but an examination of the same shows that the language used by the court had reference to the office of a bill of particulars when used upon a trial, and not when the sufficiency of a complaint was tested by a demurrer or on a motion to dismiss the complaint.

Upon a trial, a bill of particulars limits the proof, while upon de-murrer or motion for judgment upon the pleadings, dismissing the complaint because it does not state facts sufficient to constitute a cause of action, the bill of particulars has nothing to do with the complaint as it forms no part of the record. Seaman v. Low, 17 N. Y. Super. Ct. (4 Bosw.) 337; Kreiss v. Seligman, 8 Barb. 439; Arrow Steam-ship Co. v. Bennett, 26 N. Y. Supp. 948; Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671; Dixon v. Bun-nell, 52 Misc. Rep. 560, 102 N. Y. Supp. 775; Spies v. Michelsen, 15 Misc. Rep. 414, 36 N. Y. Supp. 619; Donald v. Gearhardt, 42 Misc. Rep. 269, 86 N. Y. Supp. 598. In Arrow Steamship Co. v. Bennett, supra, Mr. Justice Ingraham, at page 949 of 26 N. Y. Supp., used the following language, which is particularly applicable to the question under consideration, viz.:

"It is true that the bill of particulars has been spoken of as an amplification of the pleading to which it is attached, and must be construed as a part thereof; but, strictly speaking, a bill of particulars is no part of the pleading to which it refers. * * * The facts that would entitle a party to judgment must be stated in the pleading; the details of the claim are to be stated in the bill of particulars."

As we cannot consider the bill of particulars on this appeal, the deci-sion of the lower court was correct, and the order should therefore be affirmed, with $10 costs and disbursements. All concur.