KAUFMAN v. HOPPER.

(Supreme Court, Appellate Division, Second Department. May 17, 1912.)

1. STATES (§ 14*)—CESSION OF LAND—EXISTING STATUTES.

    Where at the time of the passage of Laws 1853, c. 355, ceding the Brooklyn Navy Yard to the United States, Laws 1847, c. 450, and Laws 1849, c. 256, which gave a cause of action to the personal representatives of a decedent whose death was caused by negligence, were in force over the territory ceded, such laws continued in force thereafter, and an administratrix could properly sue for the death of her intestate, caused by a breach of the common-law duty of a master to a servant in the territory in question.

    [Ed. Note.—For other cases, see States, Cent. Dig. §§ 13, 14; Dec. Dig. § 14.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. STATES (§ 14*)—CESSION OF LAND—SUBSEQUENT STATUTES.**

As the Labor Law (Consol. Laws 1909, c. 31) was passed subsequent to the ceding of the Brooklyn Navy Yard to the United States in 1853, an administratrix could not sue for the death of her intestate caused by a violation thereof in the territory in question, since the place of the accident was without the territorial scope of the law.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 13, 14; Dec. Dig. § 14.*]

**3. DISMISSAL AND NONSUIT (§ 73*)—BILL OF PARTICULARS—EFFECT OF DEMURRER.**

Where the sufficiency of a complaint is considered on a motion to dismiss, made at trial before proof, it must be treated as on demurrer; and a bill of particulars cannot be considered as a part of the complaint.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 167, 168; Dec. Dig. § 73.*]

**4. PLEADING (§ 204*)—DEMURRER—PLEADING GOOD IN PART.**

Though a complaint was insufficient as charging a breach of a statutory duty, where it sufficiently charged a breach of a common-law duty, it was improperly dismissed as a whole.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

Appeal from Trial Term, Kings County.

Action by Lena Kaufman, as administratrix, against Abraham C. Hopper. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Edward E. Reardon, of New York City, for appellant.

Hugo Hirsh, of Brooklyn (Leon N. Futter, of Brooklyn, on the brief), for respondent.

CARR, J. Plaintiff appeals from a judgment dismissing her complaint in an action brought to recover damages for the death of her intestate; she having been appointed administratrix by the Surrogate's Court of Kings county. The accident occurred in the Navy Yard in Brooklyn. The complaint attempts to set up two causes of action. The negligence complained of in the first cause of action is that the defendant failed to furnish the decedent with a safe and suitable place in which to work, and with safe and suitable appliances with which to work, and in failing to furnish the decedent with competent and efficient fellow servants, by reason of which a scaffold upon which decedent was working broke and fell, causing him injuries which resulted in his death. The second cause of action is apparently brought under the Labor Law (Consol. Laws 1909, c. 31). A motion was made to dismiss the complaint before any proof was offered by the plaintiff to sustain these allegations. It was conceded at the trial that the Navy Yard had been ceded by the state of New York to the United States under chapter 355 of the Laws of 1853.

[1] At the time of such cession, chapter 450 of the Laws of 1847, and chapter 256 of the Laws of 1849, which gave a cause of action to the personal representatives of a decedent, whose death was caused by negligence, were in force over the territory in question. These

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

laws continued in force after the cession. Chicago & Pacific Railway Co. v. McGlinn, 114 U. S. 542, 546, 5 Sup. Ct. 1005, 29 L. Ed. 270. Therefore, if the complaint stated a cause of action arising from a breach of the common-law duties of a master to the servant, which caused the death of the servant, it was sufficient.

[2] So far as the complaint attempted to state a further separate cause of action under the Labor Law, it was insufficient, for, as to that statute, the place of the accident was without its territorial scope; the statute being enacted since the cession of the land to the United States.

[3] In dismissing the complaint it had to be treated as if it had been demurred to. On a demurrer the first cause of action would certainly have been good so far as a common-law cause of action was concerned. It is asserted, however, that, the plaintiff having served a bill of particulars, the bill of particulars must be considered as a part of the complaint. This is not so when the sufficiency of the complaint is considered on a demurrer. Hoey v. Kilduff, 65 Misc. Rep. 554, 120 N. Y. Supp. 971.

[4] While the plaintiff might not have been able to prove the cause of action against the defendant, yet the complaint was sufficiently strong to enable an attempt to do so by an offer of proof. Under these circumstances, it was clearly error to dismiss the complaint as a whole.

The judgment should be reversed and a new trial granted, costs to abide the event. All concur.