(78 Misc. Rep. 377.)

### WOOD v. MILLER et al.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—CONSIDERING BILL OF PARTICULARS.

Plaintiff's bill of particulars may be considered upon defendant's motion for judgment upon the pleadings; the bill of particulars setting out the contract and letter relied on for recovery.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. MASTER AND SERVANT (§ 9*)—TERM OF EMPLOYMENT.

If the hiring of an employé was for the definite term of six months, a renewal for that term would be implied from a continuance of the employment thereafter.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 11; Dec. Dig. § 9.*]

3. MASTER AND SERVANT (§ 21*)—TERMINATION—EXERCISE OF OPTION.

Defendants contracted in writing to hire plaintiff as advertising manager for their magazine for one year from August 26, 1909, at a salary of $60 a week, to be deducted from commissions as provided, and it was agreed thereby that if the total advertising business secured by plaintiff and appearing in the issues of November, 1909, to April, 1910, inclusive, did not aggregate $20,000, either party had the option of terminating the contract. On February 18, 1910, defendant called plaintiff's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 65 Hun, 621.

attention to the fact that the advertising business had only approximated about $6,000 to date, and suggested that, in view of their mutual faith in ultimate success, they "wipe out the score up to and including the April issue, and begin again on exactly the same basis as your present contract, except that your drawing account will be $40 a week," and if at the end of the current year, on August 26th, plaintiff's commissions on business written after March 7th amount to more than the salary drawn beginning March 7th, plaintiff should be paid the balance; "the other terms of the agreement remaining in full force." *Held*, that defendants' letter was not an exercise of the option to terminate the contract, the time for exercising the option not having arrived.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

4. MASTER AND SERVANT (§ 9*)—CONTRACT OF EMPLOYMENT—CONTINUANCE OF TERM.

By continuing the employment beyond August 26, 1909, at the compensation provided in the original contract of employment, except as modified the contract was impliedly renewed from year to year.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 11; Dec. Dig. § 9.*]

Appeal from City Court of New York, Trial Term.

Action by Robert H. Wood against Romanta T. Miller, Jr., and another. From a judgment dismissing the complaint at the commencement of trial upon the pleadings and the bill of particulars, plaintiff appealed. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

M. L. Heidenheimer, of New York City (Samuel P. Goldman, of New York City, of counsel), for appellant.

Brown, Boskey & Braun, of New York City (Meyer Boskey, and Louis A. Brown, both of New York City, of counsel), for respondents.

PAGE, J. [1] The first question raised is the propriety of considering the bill of particulars in connection with the motion for judgment. This court has held that on a motion for judgment upon the pleadings under section 547 of the Code of Civil Procedure a bill of particulars cannot be considered. Hoey v. Kilduff, 65 Misc. Rep. 554, 120 N. Y. Supp. 971. The Appellate Division of the Second Department has recently decided that the bill of particulars could not be considered on a motion made for judgment upon the pleadings at the opening of the trial, citing Hoey v. Kilduff, supra, and Kaufman v. Hopper, 151 App. Div. 28, 135 N. Y. Supp. 363. The Appellate Division in this Department, however, has decided that the bill of particulars can be considered on a motion for judgment on the pleadings under section 547 of the Code of Civil Procedure, saying:

"The purpose of the statute was to save expense and delay. It would be absurd to hold that on a motion for judgment on the pleadings before trial the plaintiff's bill of particulars could not be considered, although, if the parties are required to prepare for trial, the case will be dismissed at the opening. We think that on such a motion as this the court may consider whatever might properly be considered on a motion for judgment at the opening of the trial." Dineen v. May, 149 App. Div. 469, 471, 134 N. Y. Supp. 7, 8.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In reason we cannot see why in this case, where in the bill of particulars the plaintiff sets forth in full copies of the contract and letter upon which he relies as the evidence to establish his cause of action, and has thereby limited his proof to that particular contract and letter, the sufficiency of the complaint should not be tested on a motion based upon the allegation of the complaint and the bill of particulars. At the close of the plaintiff's case the same condition would be presented; the only difference being that the original contract and letter would be in evidence, whereas, at the opening, copies would be before the court as a statement of the evidence upon which the plaintiff intended to rely.

Considering the case, therefore, upon the complaint and bill of particulars, as presented to the learned justice on the motion for judgment, we are unable to adopt his conclusion. The facts, as disclosed by the complaint and bill of particulars, so far as pertinent, are as follows:

On or about the 23d of August, 1909, the plaintiff and defendants entered into a written agreement, whereby the defendants hired the plaintiff as Eastern advertising manager for a magazine published by the defendants, for the term of one year from August 26, 1909, at a salary of $60 per week; the salary to be paid weekly, but to be deducted from the commissions which were set forth in the contract. The contract concludes:

"It is understood and agreed that if the total amount of business secured by you [the plaintiff] and appearing in the magazine in the issues of November and December, 1909, and January, February, March, and April, 1910, does not aggregate twenty thousand dollars ($20,000), either party has the option of terminating this contract."

On February 18, 1910, the defendant Miller wrote to the plaintiff, calling his attention to the fact that the total amount of business written by the plaintiff since he joined them was approximately $9,000, of which $3,200 was reservation, on which actual orders had not been received. After dwelling upon the disappointment of the situation, the letter continues:

"I still have every faith in the ultimate success of the magazine, and I judge from your letters that you still have abundant faith that you can make it succeed under your management, and I should be very sorry to have you drop out before success is actually won, if you feel that it can be won within the next year. With this in mind I make the following suggestion: That we wipe out the score up to and including the April issue, and begin again on exactly the same basis as your present contract, except that the drawing account will be $40 a week. If at the end of the present year, August 26th, your commission on business written after March 7th, and appearing in the magazine, amount to more than the amount of salary drawn beginning March 7th, the balance will be paid you promptly as it accrues. The other terms of the agreement would, of course, remain in force."

The plaintiff remained in the employ of the defendants, performing the same duties and at the same compensation, until December 9, 1911, when he was discharged. This action was brought for the salary for the remainder of the time up to August 26, 1912, as damages for a wrongful discharge—the contention of the plaintiff being that the original hiring was for one year; that the letter of February 18th

merely modified that contract as to the compensation, and not as to the term of employment; and that, having been continued in the employment after the expiration of the year, the presumption arises that the parties had consented to renew the contract for a like period, which presumption continues on the continuance of the employment at the expiration of each yearly period. The defendant, on the other hand, claims that the original contract was abrogated by the letter of February 18th, and a new agreement made for six months, and that a continuance of the employment after the expiration would constitute an indefinite hiring, which could be terminated at will.

[2] In passing, although not necessary to the determination, we might observe that, if the first hiring was for a definite term of six months, a renewal for that term would be implied, and not an indefinite hiring.

[3] The defendants' contention is that the letter of February 18th was an exercise of the option contained in the contract that either party might terminate the contract. But the intention to exercise the right reserved by the option is not indicated in the letter, nor had the time specified for the exercise of that right arrived. The right to terminate was given if the total amount of business secured and *appearing* in the issues from November to April does not aggregate $20,-000. It does not appear from any facts before us that the April issue had appeared in February, and while the amount of advertising secured up to February 18th might give rise to a strong probability that the amount to be secured in the time remaining would not amount to $20,000, the right to exercise the option arose only in the definite ascertainment of the fact from the amount of advertising that appeared in the issues specified. The existence of this probability led the defendants to propose to the plaintiff a modification of the contract in two particulars: The elimination of the option to terminate it on the appearing of the April issue, and a change in the salary or drawing account as against commission from $60 a week to $40 a week. It was, however, expressly stated in the letter of February 18th that:

"The other terms of the agreement would, of course, remain in force."

The letter of February 18th did not purport to change the term of employment contained in the original contract, but recognizes it by explaining what would be the status of the plaintiff in regard to the commissions "at the end of the present year, August 26, 1910."

[4] It appears, therefore, that the original hiring was for the term of one year, and by continuing the employment of the plaintiff thereafter at the same rate of compensation as in the first contract, as modified, the implication arises that the contract was renewed from year to year. Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143. The cases relied upon by the defendants are inapplicable to the case at bar.

In Schott v. La Compagnie Générale, 52 Misc. Rep. 236, 102 N. Y. Supp. 901, the original contract was for two years, and as a contract for more than one year would have to be in writing, the court could not presume that the original contract was renewed for the period of

two years, without written evidence of that fact, and hence held that the subsequent hiring was for an indefinite time terminable at will.

In Arcade Realty Co. v. Tunney, 52 Misc. Rep. 148, 101 N. Y. Supp. 593, the agreement to give a lease did not refer to the covenants and conditions in the present lease, but that the lease should contain the "usual conditions and covenants," and as it did not appear that the covenant to pay rent monthly in advance was the usual covenant, it could not be implied from the fact that such a covenant existed in the previous lease.

In Caldwell v. Caldwell Co. (Sup.) 88 N. Y. Supp. 970, there was no evidence that the prior contract was for a year.

In Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416, and Copp v. Colorado Coal & Iron Co., 20 Misc. Rep. 702, 46 N. Y. Supp. 542, the original hiring was for an indefinite term, holding that the hiring of a person at a certain sum by the year does not establish the term of hiring, but merely fixes the rate of compensation.

In Daniel v. Manhattan Life Ins. Co., 116 App. Div. 780, 102 N. Y. Supp. 27, the original hiring was for an indefinite term. This agreement was amended in some particulars, and as amended was "extended for one year." This was held to change the original indefinite hiring into a contract of hiring for a year.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.