Hofstadter, J.
(dissenting). From the disposition made by the Trial Justice, it must be assumed that he gave effect to the testimony of Mrs. Fasano that when the plaintiff was informed of the efforts to find a new apartment he told her not to worry. The statement may well be regarded as his assurance that he would not hold the defendant to a strict time schedule and make reasonable allowance for delay in vacating. This conversation took place in May, before the increase from $65 to $150 was to go into effect. The plaintiff’s assurance given in these circumstances fits in with the established rule that, in the absence of express agreement, rent is not payable in advance but only after it has been earned. (Smathers v. Standard Oil Co., 199 App. Div. 368, affd. 233 N. Y. 617; De Simone v. Canzonieri, 246 App. Div. 735; Arcade Realty Co. v. Tunney, 52 Misc. 148; Bernard v. Triangle Music Co., 1 Wn. [2d] 41; Ann. 126 A. L. R. 558; see full annotations in the A. L. R. report). While under the cases, remaining over after notice of an increase of rent, may in some circumstances be deemed an assent to the increase, it is abundantly clear here that neither party believed there was a renewal of the lease at the increased rental nor any new agreement at all. There was merely acquiescence by the plaintiffs in the continued possession until the defendant was able to move into a new apartment. In this context any implied assent to pay the increase can reasonably be limited to the period of actual occupancy after June 1, especially since this limitation is perfectly consistent with the rule cited. There was no agreement to pay a full month’s rent in advance. The disposition below, which gives the plaintiffs rent at the rate of $150 for the period during which the defendant continued in possession of the apartment since rented at only $75 a month, was a fair and equitable disposition of the controversy. Hence, I dissent.
Aurelio and Tilzer, JJ., concur in Per Curiam opinion; Hofstadter, J., dissents in opinion.
Judgment modified, etc.